UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>    Plaintiff,<br>  v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 3:20-cv-05678-JLR-TLF<br><br>REPORT AND RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION<br><br>Noted for <u>November 6, 2020</u> |

Plaintiff, Joseph Lochuch Ewalan, proceeds pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court on plaintiff's "Motion to Order DOC Management Level in D-Unit to Stop Intimidating Their Victim (Plaintiff)" which the Court construes as a motion for preliminary injunction. Dkt. 17. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court DENY plaintiff's motion (Dkt. 17).

FACTUAL AND PROCEDURAL HISTORY

Plaintiff, who is currently an inmate at the Washington State Penitentiary (WSP) in the custody of the Washington State Department of Corrections, commenced this action naming the following defendants: Washington State Department of Corrections (DOC), Stafford Creek Corrections Center (SCCC), and SCCC employees Robert (CUS

1  G-Unit B-Side), Rothwell (Sergeant G-Unit B-Side), Dickerson (Sergeant), Nikula (CC2
2  Counselor G-Unit), Wakefield (H2). Dkt. 5. Plaintiff brings this action alleging he was
3  assaulted by other inmates while confined at SCCC on July 16, 2017, and October 4,
4  2019, and that defendants violated his rights by failing to protect him despite his reports
5  of threats by the other inmates. *Id.* Plaintiff also alleges defendants failed to adequately
6  treat his injuries following his assault. *Id.* Plaintiff claims defendants' actions violated the
7  Eighth Amendment. As relief, plaintiff seeks monetary damages. *Id.*

8  Plaintiff alleges, in the current motion for preliminary injunction, that employees of
9  Washington State Penitentiary (WSP) – specifically CUS Adams, Sergeant Hoerner,
10 and Counselor Thomas -- are retaliating against him for filing grievances and a civil
11 rights complaint under 42 U.S.C. § 1983. Dkt. 17. He claims he asked Counselor
12 Thomas and CUS Adams to help him call Snohomish County Clerk's Office to check on
13 the status of a motion filed in his criminal case. *Id.*

14 His motion does not indicate what, if any, response he received to his requests.
15 *Id.* He claims that in July 2020, he was taken to the ER for headaches, a foot injury, and
16 low blood count. *Id.* He claims shortly after he returned, on August 3, 2020, he was
17 moved to the upper tier despite his foot injury and other health issues in order to
18 accommodate another inmate who was returning from the IMU. *Id.* He claims he
19 complained but was moved anyway because he did not have a Health Status Report
20 (HSR). *Id.*

21 Plaintiff indicates that on August 7, 2020, medical gave him an HSR and he was
22 moved back to the lower tier and housed with another inmate named "White." *Id.* He
23 asserts that White had mental health issues; that plaintiff expressed to CUS Adams, at

24
25

REPORT AND RECOMMENDATION TO DENY
MOTION FOR PRELIMINARY INJUNCTION - 2

some point, that he was concerned that inmate White was angry and aggressive; and plaintiff alleges that he asked to be moved but this request was refused. *Id.* He alleges that on August 12, 2020, White slapped him. *Id.* Plaintiff asserts he reported the assault on August 13, 2020 and was moved to another cell on the lower tier. *Id.* Plaintiff alleges CUS Adams denied him a promotion to Level 1 (this is not defined but appears to be a classification level) on the grounds that he had threatened her. *Id.*

Plaintiff alleges "all this is meant to retaliate by inflicting harm, injury" because plaintiff participated in the grievance process and filed a § 1983 complaint. *Id.* Plaintiff asks the Court to order "prison officials" to stop "intimidating their victim." *Id.*

## DISCUSSION

A district court has no authority to grant relief in the form of a temporary restraining order or preliminary injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district...court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)); *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction). "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Further, a court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir.1983).

Plaintiff seeks an order directing DOC management of D-Unit at WSP -- namely CUS Adams, Sergeant Hoerner, and Counselor Thomas -- to stop intimidating or retaliating against him. Yet none of these individuals are properly named as defendants in this action. Plaintiff's request for injunctive relief does not identify or pertain to any of the named defendants, therefore the Court lacks jurisdiction to grant the relief requested. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Here, plaintiff's request for injunctive relief is unrelated to the substantive claims in his complaint which pertain to alleged failure of DOC staff at Stafford Creek Corrections Center to protect him from assault by another inmate in 2017 and 2019, and alleged inadequate medical treatment by DOC staff at SCCC.[1]

Even if the Court interprets this pro se motion liberally and assumes, for purposes of argument, that plaintiff properly presented his requests for injunctive relief in this action, such relief would be unwarranted. Parties seeking injunctive relief must show: They are likely to succeed on the merits, likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has also stated the criteria in this way: "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of

---

[1] The Court notes that in his reply to his motion plaintiff clarifies that he is not seeking to amend his complaint to include these retaliation claims or new defendants in this action.

REPORT AND RECOMMENDATION TO DENY
MOTION FOR PRELIMINARY INJUNCTION - 4

irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). The mere possibility of future injury is insufficient to support the issuance of a preliminary injunction. *Winter*, 555 U.S. at 22. Plaintiff must show more than a mere "possibility" of irreparable harm and is required to "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* (emphasis and citations omitted).

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* When a plaintiff seeks to enjoin the activity of a government agency, the Court must consider "the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S.Ct. 598 (1976) (citations omitted). This grant of wide latitude applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254 (1987).

Here, plaintiff fails to demonstrate a likelihood of irreparable harm, a serious question going to the merits of his claims of retaliation, that the balance of the equities tip in his favor, or that an injunction is in the public interest.

In a cause of action for retaliation under 42 U.S.C. § 1983 "[a] prisoner . . . must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985)).

1 These claims must be evaluated in the light of the deference that must be accorded to
2 prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). The prisoner
3 must establish a link between the exercise of constitutional rights and the allegedly
4 retaliatory action. *Id.* Finally, the prisoner must demonstrate that his First Amendment
5 rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213
6 F.3d 443, 449 (9th Cir. 2000).

7 Here, plaintiff claims the WSP staff members' actions were taken in retaliation for
8 his filing grievances and a § 1983 complaint, but he offers no facts to support this
9 allegation. Plaintiff's does not identify what grievances he is referring to and the § 1983
10 complaint filed in this case does not name any of the individuals he identifies in his
11 motion. Plaintiff acknowledges that he has been moved away from an individual named
12 White, a former cellmate that allegedly acted aggressively toward plaintiff. Plaintiff's
13 allegations, on their face, fail to state a plausible claim for relief under the criteria for
14 granting a preliminary injunction.

15 Accordingly, plaintiff's motion for injunctive relief should be denied.
16 //
17 CONCLUSION
18 Based on the foregoing discussion, the undersigned recommends that the Court
19 DENY plaintiff's "Motion to Order DOC Management Level in D-Unit to Stop Intimidating
20 Their Victim (Plaintiff)" (Dkt. 17).
21 The parties have **fourteen (14) days** from service of this Report and
22 Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b);
23 *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for
24 purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above
25

REPORT AND RECOMMENDATION TO DENY
MOTION FOR PRELIMINARY INJUNCTION - 6

1 time limit, the Clerk shall set this matter for consideration on **November 6, 2020**, as

2 noted in the caption.

3   The Clerk is directed to provide a copy of this order to the parties.

4   Dated this 16th day of October, 2020.

*Theresa L. Fricke*
———————————————
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION TO DENY
MOTION FOR PRELIMINARY INJUNCTION - 7