1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH LOCHUCH EWALAN,

                                        Plaintiff,

        v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

                                        Defendants.

Case No. 3:20-cv-05678-JLR-TLF

ORDER DENYING PLAINTIFF'S
MOTIONS (DKTS. 29, 30, 35) AND
GRANTING DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S
REPLY TO DEFENDANTS'
ANSWER (DKT. 34)

        This matter comes before the Court on: (1) plaintiff's motion to "barr [sic] the

state from introducing plaintiff's status has [sic] incarcerated criminal" (Dkt. 29); (2)

plaintiff's motion to "order transportation to court at trial or the state waiver, Fourteenth

Amendment of the Constitution to Confrontational Clause" (Dkt. 30); (3) plaintiff's motion

"to amend and supplemental under Rule 15 pleadings, motion to appoint counsel and

motion to admit diaries" (Dkt. 35); and (4) defendants' motion to strike plaintiff's reply to

defendants' answer (Dkt. 34).

**A.      Plaintiff's Motions to Bar State from Considering Evidence**

Plaintiff moves to "barr [sic] the state from introducing plaintiff's status has [sic]

incarcerated criminal." Dkt. 29. In his motion plaintiff argues that he is in the process of

challenging his conviction which he claims the State obtained through "tainted

evidence." *Id.* He argues that "if the state arguments gets into Mr. Ewalan case, and

character" he should be permitted to introduce evidence challenging and undermining the State's evidence against him in his underlying criminal case.

Plaintiff's motion is premature in that defendants have not sought to introduce any evidence at this point in the case. Furthermore, to the extent plaintiff seeks to challenge or undermine the validity of his criminal conviction in the context of this 42 U.S.C. § 1983 civil rights action, he is barred from doing so. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983.") (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

Accordingly, plaintiff's motion (Dkt. 29) is DENIED.

**B.   Plaintiff's Motion to Order Transportation to Trial**

Plaintiff moves for an order that he be transported from wherever he is incarcerated to trial. But this motion is also premature as no trial date has been set in this case and the deadlines for discovery and dispositive motions remain pending. Accordingly, plaintiff's motion is DENIED.

**C.   Plaintiff's Motion to Amend, Appoint Counsel, Admit Personal Diaries as Evidence**

ORDER DENYING PLAINTIFF'S MOTIONS (DKTS. 29, 30, 35) AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER (DKT. 34) - 2

Plaintiff moves to amend his complaint, to appoint counsel, and to admit his personal diaries as evidence (Dkt. 35).

At this point in the litigation plaintiff may no longer amend as a matter of right; more than twenty-one days elapsed between the filing of defendants' answer to the filing of plaintiff's motion to amend. *See* Fed. R. Civ. P. 15. According to Fed. R. Civ. P. 15(a), plaintiff "may amend [his] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." While this rule should be liberally interpreted, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Furthermore, plaintiff is required to comply with the Western District of Washington's Local Civil Rule (LCR) 15:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

Plaintiff's motion fails to include a copy of his proposed amended complaint as required by Local Rule 15. It is also unclear from plaintiff's motion what changes he is seeking to make in amending his complaint. It is not possible for the Court or the defendants to evaluate the plaintiff's motion to amend without reviewing the proposed amended complaint. Accordingly, plaintiff's motion to amend is DENIED without prejudice. Plaintiff as advised that if he seeks to amend his complaint in the future he must comply with LCR 15 and attach a copy of the proposed amended pleading as an exhibit to his motion.

Plaintiff also moves for appointment of counsel (Dkt. 35). A plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff previously moved to appoint counsel in this case. The Court denied plaintiff's prior motion without prejudice on the grounds that plaintiff failed to set forth any facts indicating a likelihood of success on the merits or that he is unable to articulate his claims pro se in light of the complexity of the legal issues involved. Dkt. 31. In his current motion plaintiff makes some additional arguments to support his

ORDER DENYING PLAINTIFF'S MOTIONS (DKTS. 29, 30, 35) AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER (DKT. 34) - 4

1   request for counsel. Specifically, plaintiff argues that he sustained a serious head injury

2   as a result of an assault by another inmate and that he underwent surgery and still

3   experiences some symptoms such as headaches, dizziness, vomiting and fainting

4   spells as a result. Dkt. 35. He also states he requires the assistance of counsel to

5   obtain documentation to prove his case as well as to obtain a medical expert to

6   establish the extent of his injuries. *Id.*

7      But plaintiff's pleadings thus far, including a serviceable complaint and

8   numerous motions requesting various forms of relief, indicate that plaintiff is capable of

9   articulating his claims with sufficient clarity and comprehension to litigate his case.

10  Furthermore, plaintiff's description of the severity of his injuries does not in and of itself

11  demonstrate a likelihood of success on the merits of his claims. At this early point in the

12  litigation the Court cannot determine, based on the record, whether plaintiff is likely to

13  succeed on the merits.

14     With respect to plaintiff's arguments that he needs counsel in order to obtain

15  documents to prove his case, the Court notes that the discovery process is available to

16  plaintiff as a *pro se* litigant. The fact that plaintiff believes he would be better served by

17  counsel during that process does not, without more, establish an extraordinary

18  circumstance warranting counsel's appointment. The Court refers plaintiff to the pretrial

19  scheduling order for additional general information on the discovery process. *See* Dkt.

20  32, at 1-2. Furthermore, plaintiff's argument that he requires the assistance of counsel

21  in order to obtain a medical expert to testify to the extent of his injuries is speculative at

22  this early point in the case. The Court notes that discovery has just begun and that the

23  deadlines for completion of discovery and filing dispositive motions are still several

24

25  ORDER DENYING PLAINTIFF'S MOTIONS (DKTS. 29,
    30, 35) AND GRANTING DEFENDANTS' MOTION TO
    STRIKE PLAINTIFF'S REPLY TO DEFENDANTS'
    ANSWER (DKT. 34) - 5

months away.

Plaintiff's complaint raises claims related to defendants' alleged failure to protect him from assault by another inmate and deliberate indifference to his serious medical need in violation of the Eighth Amendment. As stated in the Court's order denying plaintiff's earlier motion, these claims do not, at this point, appear to involve particularly complex issues of either fact or law.

In sum, at this point in the litigation plaintiff has not demonstrated an inability to articulate his claims *pro se* nor has he shown that he is likely to succeed on the merits of his claims. Plaintiff's motion for appointment of counsel (Dkt. 35), therefore, is DENIED without prejudice.

Plaintiff also moves to admit some of his diary entries into evidence. The Court previously denied this same request by plaintiff, noting that "no dispositive motions, or any other motion that would require a proffer of evidence, have been filed at this point in the case." Dkt. 31. Circumstances have not changed since the Court's prior order and, accordingly, plaintiff's motion is DENIED again for the same reason.

**D.   Defendants' Motion to Strike**

Defendants move to strike plaintiff's reply to defendants' answer as improperly filed (Dkt. 34).

Fed. R. Civ. P. 7(a) allows for a reply to be filed to an answer only if it is ordered by the Court. Fed. R. Civ. P. 7(a). The Court has not ordered the plaintiff to file a reply to defendants' answer nor does it see a basis to do so here. Accordingly, defendants' motion to strike (Dkt. 34) is GRANTED and plaintiff's reply to defendants' answer is STRICKEN.

ORDER DENYING PLAINTIFF'S MOTIONS (DKTS. 29, 30, 35) AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER (DKT. 34) - 6

**E.      Conclusion**

For the foregoing reasons:

1)  Plaintiff's motions to "barr [sic] the state from introducing plaintiff's status has [sic] incarcerated criminal" (Dkt. 29) and to "order transportation to court at trial or the state waiver, Fourteenth Amendment of the Constitution to Confrontational Clause" (Dkt. 30) are **DENIED**.

2)  The branches of plaintiff's motion (Dkt. 35) seeking to amend and to appoint counsel (Dkt. 35) are **DENIED** without prejudice. The branch of plaintiff's motion seeking "to admit diaries" (Dkt. 35) is **DENIED** as premature.

3)  Defendants' motion to strike (Dkt. 34) is **GRANTED.**  Plaintiff's reply to defendants' answer (Dkt. 28) is **STRICKEN.**

4)  The Clerk shall send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 16th day of November, 2020.

_Theresa L. Fricke_

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS (DKTS. 29, 30, 35) AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER (DKT. 34) - 7