UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>                Plaintiff,<br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | Case No. 3:20-cv-05678-JLR-TLF<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT<br><br>Noted for <u>September 16, 2022</u> |

This matter comes before the Court on plaintiff's motion for entry of default judgment against recently-served defendant Russell Dickerson. Dkt. 107. Plaintiff's default motion is procedurally defective and lacks a legal basis in light of defendant Dickerson's previous Answer to the Complaint in this matter. Dkt. 24. The Court therefore should deny the motion.

## I. BACKGROUND

Plaintiff seeks the entry of default against defendant Dickerson, a retired Washington State Department of Corrections employee who was only recently served in this matter. *See* Dkt. 101 (Defendant Dickerson's waiver of service). Even though defendant Dickerson had not yet been served, at the outset of this case counsel for the remaining defendants entered an appearance on his behalf. Dkt. 10. Counsel also filed an Answer on behalf of all defendants, including defendant Dickerson, on September

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT- 1

1  22, 2020; the Answer responded to the Complaint, and also asserted a lack of service

2  defense on behalf of defendant Dickerson. Dkt. 24 at 4.

3        Defendant Dickerson was subsequently located out of state and served by the

4  Court; he filed a waiver of service on April 12, 2022. Dkt. 101. Defendant Dickerson did

5  not seek to file any supplemental response to plaintiff's Complaint within the time

6  permitted for response after his waiver of service.

7        Plaintiff now seeks a default judgment against defendant Dickerson, asserting

8  that his failure to respond to the Complaint after his acceptance of service constitutes

9  default. Dkt. 107. Defendant Dickerson has responded (Dkt. 109) and plaintiff has filed a

10  reply (Dkt. 112).

## II. DISCUSSION

12        Defendant Dickerson opposes plaintiff's motion on the procedural ground that it

13  was improperly filed without required prior notice after counsel had appeared on

14  Dickerson's behalf, and on the substantive ground that Dickerson has filed a defense in

15  the Answer filed by counsel on behalf of all defendants, including Dickerson, on

16  September 22, 2020. Dkt. 109.

17        The Court should deny the plaintiff's motion. First, the motion is procedurally

18  defective. If an allegedly defaulting party has entered an appearance, the party moving

19  for default "must give the defaulting party written notice of the requesting party's

20  intention to move for the entry of default at least fourteen days prior to filing its motion

21  and must provide evidence that such notice has been given in the motion for entry of

22  default." Local Rules, Western District of Washington, LCR 55(a). Plaintiff has not done

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT- 2

so and therefore failed to follow the necessary procedure to obtain entry of default under LCR 55(a). Dkt. 107.

Second, default is not substantively proper. Default may be entered only where a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, Defendant Dickerson has filed an Answer to the Complaint. Dkt. 24. Plaintiff has not amended his Complaint since the Answer was filed; defendant Dickerson was therefore not obligated to provide any further response. *See generally* Fed. R. Civ. P. 15(a)(3) (providing timeframe for response *if* an amended pleading is filed). Moreover, defendant Dickerson was under no obligation to file a supplemental response to the Complaint; the Federal Rules of Civil procedure require leave of court before a party may file a supplemental pleading. *See* Fed. R. Civ. P. 15(d).

Plaintiff has failed to follow the procedural requirements for default; also, there is no substantive basis for finding defendant Dickerson to be in default because he has already filed an Answer to plaintiff's Complaint. Plaintiff's motion for entry of default should therefore be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT- 3

1  directed to set the matter for consideration on **September 16, 2022**, as noted in the
2  caption.

3      Dated this 31st day of August, 2022.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT- 4