UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | CASE NO. C20-5678JLR-TLF<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on *pro se* Plaintiff Joseph Lochuch Ewalan's motion for entry of default judgment against Defendant Sergeant Russell Dickerson (Mot. (Dkt. # 107); Reply (Dkt. # 112)), Sgt. Dickerson's response thereto (Resp. (Dkt. # 109)), the report and recommendation of United States Magistrate Judge Theresa L. Fricke (R&R (Dkt. # 113)), and Mr. Ewalan's objections thereto (Obj. (Dkt. # 114)). Having carefully reviewed the foregoing, along with all other relevant documents, and the

ORDER - 1

1  governing law, the court ADOPTS the report and recommendation and DISMISSES Mr.
2  Ewalan's motion for entry of default judgment against Sgt. Dickerson.

## II. BACKGROUND

The court set forth the factual background of this case in detail in its December 8, 2021 order. (*See* 12/8/21 Order (Dkt. # 85) at 2.) Accordingly, the court incorporates the details described therein and recounts here only the background relevant to the instant motion. In relevant part, Sgt. Dickerson was served by the court and filed a waiver of service on April 12, 2022. (*See* Waiver (Dkt. # 101); 2/17/22 Order (Dkt. # 90) (directing service on Sgt. Dickerson); 4/4/22 Min. Entry (Dkt. # 97) (same).) Counsel for the remaining Defendants had already filed an answer on behalf of all Defendants on September 22, 2020, including Sgt. Dickerson. (*See* Answer (Dkt. # 24).) Mr. Ewalan now seeks default judgment against Sgt. Dickerson because he did not file a supplemental response to the complaint after filing a waiver of service in April. (*See* Mot. at 1.)

## III. ANALYSIS

**A.   Standard Of Review**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

(9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Mr. Ewalan is proceeding *pro se*, this court must interpret his motion and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

**B.    Magistrate Judge Fricke's Recommendation Regarding the Entry of Default Against Sgt. Dickerson**

Magistrate Judge Fricke recommends that the court dismiss Mr. Ewalan's motion for entry of default judgment against Sgt. Dickerson because it is both procedurally deficient and substantively improper. (R&R at 2-3.) First, Magistrate Judge Fricke notes that Mr. Ewalan failed to provide Sgt. Dickerson 14 days' notice of his intention to move for entry of default and failed to provide evidence of such notice in his motion, as Local Civil Rule 55(a) requires. (*Id.*); *see* Local Rules W.D. Wash. LCR 55(a). Second, Magistrate Judge Fricke notes that default is not substantively proper where the allegedly defaulting party has not "failed to plead or otherwise defend." (*Id.* at 3 (quoting Fed. R. Civ. P. 55(a)).) In support of her conclusion that Sgt. Dickerson has not failed to defend the lawsuit, Magistrate Judge Fricke cites Sgt. Dickerson's answer to the complaint. (*Id.* (citing Answer).) Magistrate Judge Fricke also notes that Sgt. Dickerson has not had any other obligation to respond in the lawsuit because Mr. Ewalan has not amended his complaint since Defendants filed their answer. (*Id.* (citing Fed. R. Civ. P. 15(a)(3)).) Therefore, in the absence of any evidence that (1) Mr. Ewalan gave Sgt. Dickerson 14 days' notice of his intention to move for entry of default, and (2) Sgt. Dickerson failed to

ORDER - 3

defend the action, Magistrate Judge Fricke recommends that the court deny Mr. Ewalan's motion for default against Sgt. Dickerson.

C.     **Mr. Ewalan's Objections**

Mr. Ewalan timely objected to the report and recommendation. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); (*see generally* Dkt.). Mr. Ewalan's first objection asserts that Sgt. Dickerson "did not seek to file any supplement [sic] response to plaintiffs [sic] complaint within [the] time permitted for response after his waiver of service." (Obj. at 1.) In his second objection to the report and recommendation, Mr. Ewalan asserts that the 14-day notice required by Local Rule 55(a) is "not so relevant," and "just an excuse." (*Id.* at 2.)

The court has reviewed Mr. Ewalan's objections and concludes that neither raise meritorious issues justifying the entry of default against Sgt. Dickerson.[1] Mr. Ewalan's first objection merely repeats arguments from his motion for default (*see* Mot. at 1) and does not raise any novel issues that were not addressed by Magistrate Judge Fricke's report and recommendation. As to his second objection, Mr. Ewalan fails to provide any legal support for his contention that the 14-day notice requirement should be waived. (*See generally* Obj.) The court has thoroughly examined the record before it and finds the Magistrate Judge Fricke's reasoning persuasive in light of that record. The court

---

[1] Mr. Ewalan also states that he is "confused and concerned." (Mot. at 3). Mr. Ewalan cites the motion for leave to withdraw filed by Sgt. Dickerson's attorney as a source of his confusion, indicating his belief that Magistrate Judge Fricke intends to grant the motion. (*Id.* at 2-3 (referencing Mot. to Withdraw (Dkt. # 110)).) However, the court will consider Sgt. Dickerson's motion to withdraw after it resolves the present motion.

ORDER - 4

independently finds that (1) Sgt. Dickerson was under no obligation to file additional briefing after he answered Mr. Ewalan's complaint, and (2) Mr. Ewalan failed to give Sgt. Dickerson the required notice before filing the present motion, as the Local Civil Rules require. (*See* R&R at 2-3); Local Rules W. D. Wash. LCR 55(a). Accordingly, the court OVERRULES Mr. Ewalan's objections, ADOPTS the report and recommendation in its entirety, and DENIES Mr. Ewalan's motion for entry of default judgment against Sgt. Dickerson.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the report and recommendation (Dkt. # 113) in its entirety;

(2) The court DENIES Mr. Ewalan's motion for entry of default judgment against Sgt. Dickerson (Dkt. # 107) with prejudice; and

(3) The court DIRECTS the Clerk to send copies of this order to Mr. Ewalan, to counsel for Sgt. Dickerson, and to Magistrate Judge Fricke.

Dated this 3rd day of October, 2022.

JAMES L. ROBART
United States District Judge