UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>            Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.<br><br>            Defendants. | CASE NO. C20-5678JLR-TLF<br><br>ORDER |

## I.    INTRODUCTION

Before the court is the Washington State Attorney General's (the "AG") motion to withdraw as counsel for Defendant Sergeant Russell Dickerson. (Mot. (Dkt. #110).) No party opposes the motion. (*See generally* Dkt.) In support of its motion, the AG provides a declaration documenting multiple unsuccessful efforts it has made to contact Sgt. Dickerson so that he could participate in this litigation. (*See* Rachel Decl. (Dkt. # 111) ¶¶ 3-9.)

ORDER - 1

1    The court has considered the motion, the relevant portions of the record, and the
2 applicable law.  Being fully advised, the court DENIES the AG's motion to withdraw
3 without prejudice to refiling a motion that complies with the Western District of
4 Washington's Local Rules and demonstrates that the AG has discharged its obligations
5 under the Washington Rules of Professional Responsibility.

6                    II.    BACKGROUND

7    The AG has represented Sgt. Dickerson since this case commenced, but Sgt.
8 Dickerson has been difficult to reach throughout the litigation.  After Plaintiff Joseph
9 Lochuch Ewalan, proceeding *pro se* and *in forma pauperis*, failed to serve Sgt.
10 Dickerson, this court directed service on Sgt. Dickerson.  (2/17/22 Order (Dkt. # 90).)
11 The service materials were initially returned to the court as undeliverable, but the clerk
12 re-mailed the materials to a forwarding address.  (*See* 4/4/22 Minute Order (Dkt. # 97).)
13 Thereafter, Sgt. Dickerson returned a signed waiver of service to the court.  (*See* Waiver
14 (Dkt. # 101).)  This is the only communication the court or the AG has received from Sgt.
15 Dickerson.  (*See generally* Dkt.)

16    The AG states that it sent documents via certified mail to Sgt. Dickerson at the
17 same address where he successfully received the service materials, but the materials were
18 returned as undeliverable.  (Rachel Decl. ¶ 6.)  Thereafter, the AG states that it sent Sgt.
19 Dickerson two pieces of mail to the same address indicating its intent to withdraw unless
20 it could establish communication.  (*Id.* ¶ 7.)  But, as with prior communications, both
21 pieces of correspondence were returned as undeliverable.  (*Id.*)  The AG then filed the
22

1  present motion and "caused [the motion] to be served" on Sgt. Dickerson using the same
2  mailing address.  (*Id.* ¶ 10.)

### III.   ANALYSIS

No attorney shall withdraw an appearance in any cause except by leave of the court.  Local Rules W.D. Wash. LCR 83.2(b).  The court retains broad discretion to grant or deny motions to withdraw as counsel.  *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (reviewing district court's denial of motion to withdraw for abuse of discretion).  The Washington Rules of Professional Conduct ("RPC") provide that "a lawyer may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."  RPC 1.6(b)(5).  Consistent with the RPC's "reasonable warning" requirement, the Local Rules require an attorney seeking to withdraw as counsel to certify that the motion to withdraw "was served on the client and opposing counsel."  Local Rules W.D. Wash. LCR 83.2(b).  The motion must also provide the client's current "address and telephone number."  *Id.*  Where a court denies a motion to withdraw, counsel must "continue representation notwithstanding good cause for terminating the representation."  RPC 1.16(d).

Here, the AG did not fulfill its obligations to (1) provide "reasonable warning" under the RPC, or (2) serve its motion to withdraw on its client, as required by the Local Rules.  RPC 1.6(b)(5); Local Rules W.D. Wash. LCR 83.2(b).  First, the court is not persuaded that Sgt. Dickerson received "reasonable warning" that the AG would terminate representation if Sgt. Dickerson failed to communicate with the AG because

the AG does not reference a legal representation agreement or other document outlining the parties' obligations to one another.  *See* RPC 1.6(b)(5); (*see generally* Mot.) Moreover, the AG's July 2022 correspondence advising Sgt. Dickerson of its intent to terminate representation was returned as undeliverable.  (Rachel Decl. ¶ 7); *see* RPC 1.6(b)(5).  Indeed, it is not clear from the record that the AG has had any direct communications with Sgt. Dickerson during this litigation at all.  (*See* Rachel Decl.) Therefore, the AG has likely not complied with its obligation to provide reasonable warning imposed by the RPC.

Second, the AG does not certify that "the motion was served on the client" as the Local Rules require.  Local Rules W.D. Wash. LCR 83.2(b); (*see* Mot. at 4; Rachel Decl. ¶ 10.)  Instead, the AG asserts that it "caused [the motion] to be mailed" to Sgt. Dickerson at the same address at which prior attempts to contact Sgt. Dickerson were unsuccessful.  (Mot. at 4; *see also* Rachel Decl. ¶ 10 (stating that the AG has "caused to be served" a copy of the motion in conformity with LCR 83.2(b) by mail to the same address).)  In light of the AG's various failed attempts to communicate with Sgt. Dickerson at this address, and in the absence of evidence that the motion was successfully delivered, the court is not persuaded that Sgt. Dickerson was in fact served with the motion.  *See* Local Rules W.D. Wash. LCR 83.2(b); *see also Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2013 WL 12107576, at *1 (W.D. Wash. Oct. 22, 2013) (denying motion to withdraw without prejudice where motion did not include certification that clients were served with motion or factual support for claim that clients

ORDER - 4

were informed of consequences of attorney's withdrawal). Therefore, the AG has not fully complied with Local Rule 83.2(b).

Although the AG failed to serve Sgt. Dickerson, it has served the motion on the opposing party, Mr. Ewalan, who is proceeding *pro se*, both electronically via the court's CM/ECF filing system and via U.S. mail in conformity with the Local Rules. (Mot. at 4.); *see* Local Rules W.D. Wash. LCR 83.2(b). The AG also provides a mailing address and telephone number for Sgt. Dickerson as the Local Rules require, albeit the same contact information with which it has repeatedly failed to communicate with Sgt. Dickerson. (Mot. at 4; Rachel Decl. ¶¶ 6-9); *see* Local Rules W.D. Wash. LCR 83.2(b). Should the AG file a renewed motion for leave to withdraw as counsel for Sgt. Dickerson, it must again comply with each of these requirements and include a current address for Sgt. Dickerson.

### IV.   CONCLUSION

For the foregoing reasons, the AG's motion for leave to withdraw as counsel for Sgt. Dickerson (Dkt. # 110) is DENIED without prejudice to allow the AG additional time to successfully contact Sgt. Dickerson and advise him of its intent to withdraw. The AG may file a new motion, if any, in conformity with Local Rule 83.2(b) if it still intends to withdraw.

Dated this 6th day of October, 2022.

JAMES L. ROBART
United States District Judge