UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Defendants. | CASE NO. C20-5678JLR-TLF<br><br>ORDER |

## I.  INTRODUCTION

Before the court are Plaintiff Joseph Lochuch Ewalan's motions to appoint counsel at trial (Mot. to Appoint Counsel (Dkt. # 115)) and to admit evidence (Mot. to Admit Evidence (Dkt. # 116)). Defendants responded to both motions in a single filing (Resp. (Dkt. # 117)) and Mr. Ewalan replied in kind (Reply (Dkt. # 118)). The court has reviewed the parties' submissions, , the relevant portions of the record, and the applicable

ORDER - 1

law. Being fully advised, the court DENIES Mr. Ewalan's motion to appoint trial counsel and DENIES Mr. Ewalan's motion to admit evidence.

## II.  BACKGROUND

Mr. Ewalan, proceeding *pro se* and *in forma pauperis*, accuses Defendants of violating his Eighth Amendment rights by failing to protect him from assaults by fellow inmates. (*See* Compl. (Dkt. # 5) at 4-5.) He now seeks appointment of *pro bono* counsel at trial and asks the court to admit evidence of his post-traumatic stress disorder ("PTSD") and traumatic brain injuries. (*See* Mot. to Appoint Counsel; Mot. to Admit Evidence.)

The court has not yet set a date trial date in this case. (*See generally* Dkt.)

## III.  ANALYSIS

The court will consider each of Mr. Ewalan's motions in turn.

**A. Mr. Ewalan's Motion to Appoint Counsel at Trial**

This court has denied Mr. Ewalan's two prior requests for appointment of counsel. (*See* 10/9/20 Order (Dkt. # 31) at 3-5; 4/29/21 Order (Dkt. # 74) at 3-4.)

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) but should do so "only in exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Siglar v. Hopkins*, 822 Fed. App'x. 610, 612 (9th Cir. 2020) (affirming denial of request for *pro bono* counsel where plaintiff's "circumstances

were not exceptionally different from the majority of the challenges faced by *pro se* litigants.").

When determining whether exceptional circumstances justify the appointment of counsel, the court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; instead, they must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, Mr. Ewalan is unable to establish that "exceptional circumstances" warrant the appointment of counsel. First, his motion fails to show that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*. In his motion, Mr. Ewalan states only that "plaintiff is not a lawyer to argue during trial." (Mot. to Appoint Counsel at 1.) However, Mr. Ewalan's prior filings have demonstrated his ability to articulate his claims, marshal evidence, and bring reasonably coherent motions before the court. (*See generally* Dkt.) Moreover, the fact that Mr. Ewalan is not a lawyer does not demonstrate that his circumstances are "exceptionally different from the majority of the challenges faced by *pro se* litigants." *Siglar*, 822 Fed. App'x. at 612.[1]

---

[1] On reply, Mr. Ewalan relies heavily on a multi-factor test to determine whether counsel should be appointed. (*See* Reply at 2-4 (citing *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982)).) Courts in the Seventh Circuit use this test in ruling on motions to appoint counsel, but courts in the Ninth Circuit use the test articulated in *Wilborn* and described above. *See* 789 F.2d at 1131. Accordingly, the court need not address the factors Mr. Ewalan discusses.

ORDER - 3

1  Second, at this early phase of the case, the court cannot conclude that Mr. Ewalan
2  is likely to succeed on the merits of his case. In his reply, Mr. Ewalan argues that the
3  court "decided his complaint on merits, thus denying Defendants [sic] motion for
4  summary judgment," and "defendants moved to dismiss the case on [a] number of
5  occasions, but the court found that there was enough merits to allow the case to go
6  forward." (Reply at 1, 2.) But the court has not yet had occasion to rule on the merits of
7  Mr. Ewalan's case. (*See generally* Dkt.) In its order denying in part Defendants'
8  summary judgment motion, the court merely identified triable issues of fact material to
9  two of Mr. Ewalan's claims and determined that Defendants were not shielded by
10 qualified immunity. (*See* 12/8/21 Order (Dkt. # 85) at 13-18, 20.) Thus, based on the
11 current record, without more, the court cannot conclude that Mr. Ewalan is likely to
12 succeed on the merits.
13     Accordingly, Mr. Ewalan has not demonstrated that this case involves the type of
14 exceptional circumstances that warrant appointment of counsel by the court.
15     **B. Mr. Ewalan's Motion to Admit Evidence**
16     Mr. Ewalan asks the court to "admit evidence of PTSD and trauma [sic] brain
17 injury." (Mot. to Admit Evidence at 1.) Mr. Ewalan has previously made the same
18 request and has previously been instructed that his request is premature. (*See, e.g.,*
19 4/12/22 Order (Dkt. # 100) at 3; 10/9/20 Order (Dkt. # 31) at 5.) The request remains
20 premature. Mr. Ewalan may submit evidence in support of or in opposition to a motion
21 (and no separate motion is required to "admit" it for this purpose); but otherwise, the
22 admission of evidence does not occur until trial. Mr. Ewalan's motion is DENIED.

ORDER - 4

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Ewalan's Motion to Appoint Counsel (Dkt. # 115) and DENIES Mr. Ewalan's Motion to Admit Evidence (Dkt. # 116).

Dated this 17th day of October, 2022.

JAMES L. ROBART
United States District Judge