UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C20-5678JLR-TLF<br><br>ORDER |

## I.  INTRODUCTION

Plaintiff Joseph Lochuch Ewalan, a prisoner proceeding *pro se* and *in forma pauperis*, has previously moved for appointment of pro bono counsel on three separate occasions.  (*See* 1st Mot. to Appoint (Dkt. # 7); 2d Mot. to Appoint (Dkt. # 46); 3d Mot. to Appoint (Dkt. # 115).)  The court denied each motion.  (*See* 10/09/20 Order (Dkt. # 31); 4/29/21 Order (Dkt. # 74); 10/17/22 (Dkt. # 121).)  For the reasons set forth below, the court *sua sponte* reconsiders Mr. Ewalan's most recent request for appointment of

ORDER - 1

counsel and now concludes that extraordinary circumstances support the appointment of counsel in this case. The court conditionally GRANTS Mr. Ewalan's third motion for appointment of pro bono counsel, contingent on the identification of counsel willing to represent Mr. Ewalan pro bono in this matter.

## II. BACKGROUND

This is a 42 U.S.C. § 1983 civil rights action brought by Mr. Ewalan, an inmate at the Washington State Penitentiary. (*See* Compl. (Dkt. # 5); Dkt.) Mr. Ewalan alleges that, while he was confined at the Stafford Creek Corrections Center ("SCCC"), he was twice assaulted by other inmates on July 16, 2017 and October 4, 2019. (*See* Compl. at 5, 10.) Mr. Ewalan accused Defendants of failing to protect him from these assaults despite prior notice. (*See id.*) The court granted summary judgment in favor of Defendants Washington State Department of Corrections, SCCC, and SCCC employees Robert Schreiber, Sergeant Arlee Rothwell, Tammy Nikula, Kendra Wakefield, and Sergeant Denny Larsen with respect to all but two of Mr. Ewalan's claims. (*See* 12/8/21 Order (Dkt. # 85).) Specifically, the court identified a dispute of material fact with respect to whether: (1) Mr. Schreiber and Sgt. Rothwell failed to protect Mr. Ewalan from the July 2017 assault; and (2) Ms. Wakefield and Sgt. Larsen failed to protect Mr. Ewalan from the October 2019 assault. (*Id.* at 15-18.)

In its order on Defendants' summary judgment motion, the court also denied Defendants' motion to dismiss Sergeant Russell Dickerson for failure to perfect service and allowed Mr. Ewalan additional time to serve Sgt. Dickerson with a copy of the summons and complaint. (*Id.* at 9, 20.) After Sgt. Dickerson ultimately returned a

1  waiver of service, Mr. Ewalan filed a motion for default against Sgt. Dickerson (Mot. for
2  Default (Dkt. # 107)); *see also* 10/6/22 Order (Dkt. # 120) at 2-3), which the court denied
3  (10/03/22 (Dkt. # 119)).[1]  Mr. Ewalan's claim that Sgt. Dickerson failed to protect him
4  from the July 2017 incident despite prior notice therefore also remains unresolved.  (*See*
5  12/8/21 Order.)

### III.  ANALYSIS

The court first reviews the legal standard for appointing pro bono counsel in civil rights litigation before turning to Mr. Ewalan's motions for appointment of counsel.

**A.  Legal Standard for Appointment of Counsel**

There is no constitutional right to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (whether to grant a request for counsel in section 1983 cases is "discretionary, not mandatory").  However, in "exceptional circumstances," a district court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

Because there is no right to counsel in a civil case, the Court does not have authority to compel counsel to provide representation.  *Mallard v. United States Dist.*

---

[1] After opposing Mr. Ewalan's motion for default, the Washington State Attorney General (the "AG") sought to withdraw as counsel for Sgt. Dickerson, citing an inability to contact its client.  (Mot. to Withdraw (Dkt. # 110).)  The court denied the AG's motion without prejudice to allow it more time to successfully contact Sgt. Dickerson and advise him of its intent to withdraw.  (*See* 10/6/22 Order at 5.)  The AG has not subsequently sought to withdraw as counsel for Sgt. Dickerson.  (*See* Dkt.)

*Court*, 490 U.S. 296, 298 (1989).  Instead, the Court may only "request" that counsel serve.  28 U.S.C. § 1915(e)(1); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that § 1915 only permits a court to "request" counsel, not to compel representation).  Nor may the court appoint publicly funded counsel, such as the Federal Public Defender.  "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).  Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e).  *See 30.64 Acres of Land*, 795 F.2d at 801.  Accordingly, the court is limited to making a request for pro bono counsel to provide voluntary representation.

The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither of these factors is dispositive; instead, the court must view both factors together.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

If the court determines that extraordinary circumstances warrant appointment of counsel, it will direct the Clerk of the Court to identify an attorney from the Pro Bono Panel who is willing to represent the plaintiff in accordance with this District's Pro Bono Plan.  *See* General Order No. 16-20, Section 4(b) (Dec. 8, 2020).  Only after such an

attorney is identified will the court issue an order appointing him or her to represent the plaintiff. *See id.*

**B.      Mr. Ewalan's Motions for Appointment of Counsel**

The court previously denied Mr. Ewalan's most recent motion to appoint counsel because it concluded that Mr. Ewalan had failed to demonstrate that his circumstances were "exceptionally different from the majority of the challenges faced by *pro se* litigants." (10/17/22 Order at 3 (quoting *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020)).) The court also deemed it too early to decide whether Mr. Ewalan was likely to succeed on the merits of his case. (*Id*. at 4.)

Since the court issued its order denying Mr. Ewalan's third request for appointment of counsel, however, the case has advanced toward trial. (*See* Dkt.) At this time, the court cannot definitively determine Mr. Ewalan's likelihood of success on the merits, but several of his claims have survived summary judgment and will be resolved through settlement or at trial. (*See* 12/8/21 Order.) Additionally, Mr. Ewalan has asserted that he faces additional difficulty litigating his case *pro se* because of a traumatic brain injury. Mr. Ewalan asserts that he has had lasting impacts from the injury, which could have also impacted his cognitive capabilities. (*See* 2d Mot. to Appoint at 2-4.) On further consideration of Mr. Ewalan's third motion, the court believes that appointment of pro bono counsel may be appropriate in light of the legal questions to be resolved at trial and the impacts of Mr. Ewalan's brain injury.

## IV.  CONCLUSION

For the foregoing reasons, the court conditionally GRANTS Mr. Ewalan's third motion to appoint counsel (Dkt. # 115), contingent on the Clerk of the Court's identification of counsel willing to represent Mr. Ewalan in this matter. The court DIRECTS Clerk of the Court to seek counsel to represent Mr. Ewalan, in accordance with the court's Pro Bono Plan. If an attorney is willing to represent Mr. Ewalan pro bono, the court will issue appropriate appointment orders.

Dated this 7th day of February, 2023.

JAMES L. ROBART
United States District Judge