UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Plaintiff Joseph Lochuch Ewalan's motion to relieve attorney Brennan Johnson and his law firm, Johnson Graffe Keay Moniz & Wick, as pro bono counsel and to appoint new pro bono counsel.  (Ewalan Mot. (Dkt. # 133).)  Mr. Johnson has also filed a notice of intent to withdraw as counsel for Mr. Ewalan, which the court construes as a motion for leave to withdraw.  (Johnson Mot. (Dkt. # 134)).  The court has reviewed these submissions, the relevant portions of the record, and the applicable law.

1  Being fully advised, the court GRANTS in part and DENIES in part Mr. Ewalan's

2  motion and GRANTS Mr. Johnson's motion to withdraw.

3  ## II.   RELEVANT BACKGROUND[1]

4  Mr. Ewalan proceeds *in forma pauperis* ("IFP") in this action.  (*See* IFP Order

5  (Dkt. # 4).)  The court appointed Mr. Johnson as counsel for Mr. Ewalan on February 16,

6  2023.  (*See* 2/16/23 Order (Dkt. # 125); *see also* Johnson NOA (Dkt. # 131).)  Mr.

7  Ewalan states that in the intervening months, communication between Mr. Johnson and

8  himself has broken down.  (*See* Ewalan Mot. at 9.)  Although Mr. Johnson disputes Mr.

9  Ewalan's allegations regarding his efforts to establish a means for communication, he

10  concedes that "the trust necessary to maintain an appropriate working attorney-client

11  relationship cannot be established" between Mr. Ewalan and himself.  (Johnson Mot. at

12  1-2.)  Mr. Ewalan asserts that if Mr. Johnson withdraws as counsel, he will resume

13  litigating this case *pro se* unless this court appoints another attorney as pro bono counsel.

14  (*See* Ewalan Mot. at 2-3.)

15  ## III.   ANALYSIS

16  The court addresses the parties' motions to allow Mr. Johnson to withdraw as

17  counsel before turning to Mr. Ewalan's request for appointment of a new pro bono

18  attorney.

19

20

21

22

---

[1] This court has described the factual background to this case in prior orders (*see, e.g.*, 12/8/21 Order (Dkt. # 85) at 2-3) and need not repeat those details here.

**A.      Mr. Johnson May Withdraw as Counsel**

In this district, an attorney seeking to withdraw from a case in a manner that will leave a party to the case unrepresented must seek the court's leave to do so by filing a motion.  *See* Local Rules W.D. Wash. LCR 83.2(b)(1).  The motion must include a certification that counsel served the motion on the client and opposing counsel and the unrepresented party's address and telephone number.  *Id*.  The court finds that Mr. Johnson has complied with the Rule's procedural requirements.  (*See* Johnson Mot.)

Courts generally consider several factors when "evaluating a motion to withdraw, including (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Curtis v. Illumination Arts, Inc*., No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014).  "The trial court retains wide discretion in a civil case to grant or deny [a] motion to withdraw."  *Id*. (citing *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010)).

Here, the factors weigh in favor of allowing Mr. Johnson to withdraw as counsel. First, both Mr. Ewalan and Mr. Johnson describe a lack of trust necessary for the attorney-client relationship.  (*See* Ewalan Mot. at 9; Johnson Mot. at 1-2.)  In particular, Mr. Ewalan expresses dissatisfaction at Mr. Johnson's decisions not to file every motion Mr. Ewalan proposed, indicating disagreement on case strategy and tactics.  (Ewalan Mot. at 4-5.)  These reasons support withdrawal.  *See, e.g., Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, Case No. C22-0825JLR, 2023 WL 2138479, at *2 (W.D. Wash. Feb. 21,

1   2023) (finding good cause to withdraw where communication between attorney and

2   client had broken down).

3       The court concludes that the remaining factors do not weigh against withdrawal.

4   Mr. Johnson's withdrawal is unlikely to prejudice other litigants, harm the administration

5   of justice, or unduly delay the resolution of the case.  Mr. Ewalan proceeded *pro se* for

6   nearly three years before the court appointed Mr. Johnson; the remaining litigants in this

7   case are accustomed to Mr. Ewalan's *pro se* litigation.  (*See generally* Dkt.)

8   Additionally, discovery and dispositive motions deadlines have long since passed,

9   leaving only trial, which has not yet been set.  (*See* Sched. Order (Dkt. # 32).)  Therefore,

10  Mr. Johnson's absence is unlikely to cause prejudice, harm, or delay.

11      The court therefore GRANTS Mr. Johnson's motion to withdraw as counsel

12  effective June 19, 2023 and GRANTS in part Mr. Ewalan's motion to relieve Mr.

13  Johnson as pro bono counsel.

14  **B.      The Court will not Appoint Additional Pro Bono Counsel**

15      As Mr. Ewalan recognizes, the appointment of counsel for a *pro se* litigant in a

16  civil case "is a privilege and not a right."  *United States ex rel. Gardner v. Madden*, 352

17  F.2d 792, 793 (9th Cir. 1965); *see also United States v. $292,888.04 in U.S. Currency*, 54

18  F.3d 564, 569 (9th Cir. 1995) (whether to grant a request for counsel in § 1983 cases is

19  "discretionary, not mandatory").  The decision to request pro bono counsel rests within

20  "the sound discretion of the trial court and is granted only in exceptional circumstances."

21  *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  When determining

22  whether exceptional circumstances justify the appointment of counsel, the court considers

"the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  Neither of these considerations is dispositive; instead, they must be viewed together.  *Id.*

Mr. Ewalan asserts that appointment of a new pro bono attorney is necessary because the lasting effects of a traumatic brain injury will limit his ability to prepare for trial.  (Ewalan Mot. at 2-3.)  Although the court previously determined that the effects of the injury, along with the legal questions to be resolved at trial, constituted exceptional circumstances warranting appointment of counsel for Mr. Ewalan (*see* 2/7/23 Order), subsequent developments have altered the court's analysis.  For instance, Mr. Ewalan's complaints that Mr. Johnson disagreed with him regarding case strategy and tactics demonstrate that Mr. Ewalan has ample confidence in his ability to litigate his own case. (*See id*. at 4-5 (complaining that Mr. Johnson would not file motions Mr. Ewalan asked him to file)); *see also Hodges v. Corizon Health, Inc.*, 837 F. App'x 466, 468 (9th Cir. 2020) (district court exercised appropriate discretion in denying *pro se* plaintiff's request to appoint third pro bono counsel after plaintiff fired pro bono attorney).  And, although the court cannot determine Mr. Ewalan's likelihood of success on the merits, the court notes that Mr. Ewalan successfully defended his surviving claims against Defendants' motion for summary judgment.  (*See* 12/8/21 Order); *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (upholding district court's denial of request to appoint pro bono counsel where *pro se* plaintiff demonstrated ability to prosecute his own case despite

1   complaining that his pain limited his preparations for trial); *Nwandu v. Bach*, 513 F.

2   App'x 642, 644-45 (9th Cir. 2013) (affirming denial of request for pro bono counsel

3   where *pro se* plaintiff had succeeded in getting his claims through summary judgment).

4   Because Mr. Ewalan has not demonstrated that exceptional circumstances warrant

5   appointment of a second pro bono counsel, the court DENIES his request.

6                          **IV.    CONCLUSION**

7          For the foregoing reasons, the court GRANTS Mr. Johnson's motion to withdraw

8   as counsel (Dkt. # 134), GRANTS Mr. Ewalan's request to relieve Mr. Johnson as pro

9   bono counsel and DENIES Mr. Ewalan's motion for appointment of pro bono counsel

10  (Dkt. # 133).  The court ORDERS the parties to meet and confer and file a joint status

11  report by no later than June 30, 2023 identifying a proposed trial date and anticipated

12  length of trial, and summarizing the parties' issues or concerns as they move toward trial.

13         Dated this <u>8th</u> day of June, 2023.

14

15  _____

16  JAMES L. ROBART
    United States District Judge

17

18

19

20

21

22

ORDER - 6