UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Before the court is Plaintiff Joseph Lochuch Ewalan's motion for reconsideration of the court's June 8, 2023 order denying Mr. Ewalan's request for appointment of a second pro bono attorney. (MFR (Dkt. # 136); *see also* 6/8/23 Order (Dkt. # 135).) For the reasons articulated below, the court DENIES Mr. Ewalan's motion.

On June 8, 2023, the court granted requests filed by Mr. Ewalan and Brennan Johnson, Mr. Ewalan's court-appointed pro bono counsel, to allow Mr. Johnson to withdraw from representation due in part to a breakdown in communication. (6/8/23

ORDER - 1

Order at 4.) In the same order, the court denied Mr. Ewalan's request that the court appoint a second pro bono attorney to represent him, finding that extraordinary and compelling reasons did not warrant appointment of counsel. (*Id*. at 5.)

Mr. Ewalan now asserts that the court erred when it denied his request, arguing the same extraordinary and compelling circumstances the court cited in its February 7, 2023 order granting Mr. Ewalan's request for appointment of pro bono counsel persist today. (Mot. at 3; *see* 2/7/23 Order (Dkt. # 124) at 5 (finding appointment of pro bono counsel "appropriate in light of the legal questions to be resolved at trial and the impacts of Mr. Ewalan's brain injury.").) But the court's June 8, 2023 order expressly revisited these reasons and concluded that "subsequent developments have altered the court's analysis," and these reasons no longer justify the appointment of pro bono counsel. (6/8/23 Order at 5 (citing Mr. Ewalan's complaints that Mr. Johnson disagreed with him regarding case strategy and tactics as evidence of Mr. Ewalan's confidence in his ability to litigate his own case).)

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (noting that a motion for reconsideration is not an opportunity for a party to raise an argument that reasonably could have been raised earlier). The court concludes that Mr. Ewalan has met neither standard because he does not identify manifest error or cite new facts or authority in his

motion.  Rather, Mr. Ewalan reiterates the same arguments he raised in his request for new counsel, which the court already addressed and rejected in the same order he asks the court to reconsider.  (*Compare* Mot. at 3 (arguing Mr. Ewalan's brain injury and the remaining legal questions to be resolved warrant appointment of counsel); *with* 6/8/23 Order at 5 (determining these reasons no longer justified appointment of counsel).)  Accordingly, there is no basis for reconsideration before the court.  *See Arnold*, 179 F.3d at 665.  The court therefore DENIES Mr. Ewalan's motion for reconsideration (Dkt. # 136).[1]

Dated this 16th day of June, 2023.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Ewalan also raises concerns that the parties will be unable to meet and confer and file a joint status report ("JSR") unless counsel for Defendants meets with Mr. Ewalan, who is incarcerated, via videoconference.  (*See* Mot. at 5; *see also* 6/8/23 Order at 6 (ordering the parties to meet and confer and file a JSR by no later than June 30, 2023).)  The court need not address this concern here, because Mr. Ewalan has filed a separate motion to compel Defendants to meet by zoom videoconference.  (*See* JSR Mot. (Dkt. # 137).)

ORDER - 3