UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>      Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants. | CASE NO. C20-5678JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are Plaintiff Joseph Lochuch Ewalan's motions to order transportation (Transp. Mot. (Dkt # 148)); for leave to admit medical evidence (Mot. for Leave (Dkt. # 149)); for attorney fees (Mot. for Att'y Fees (Dkt. # 150)); to call an expert witness (Mot. to Call Expert Witness (Dkt. # 151)); "to be filed or considered after trial" (Post Trial Mot. (Dkt. # 152)); for clarification (Mot. for Clarification (Dkt. # 153)); for punitive damages (Mot. for Punitive Damages (Dkt. # 156)); and to attach medical

records (Mot. to Attach Med. Recs. (Dkt. # 157)). Defendants oppose the motions. (Resp. (Dkt. # 158).) The court has reviewed the parties' submissions, relevant portions of the record, and applicable law. Being fully advised, the court GRANTS in part and DENIES in part Mr. Ewalan's motion to call an expert witness and motion for clarification. The court DENIES the balance of Mr. Ewalan's motions.

## II. ANALYSIS

Mr. Ewalan, proceeding *pro se* and *in forma pauperis*, accuses Defendants of violating his Eighth Amendment rights by failing to protect him from assaults by fellow inmates. (*See* Compl. (Dkt. # 5) at 4-5.). Trial in this matter is scheduled to begin on January 16, 2024. (8/22/2023 Min. Order (Dkt. # 147) at 1.) Mr. Ewalan has filed multiple motions and the court will consider each motion in turn.

**A. Motion for Order of Transportation**

Mr. Ewalan has repeatedly moved the court to order the Washington State Department of Corrections ("DOC") to transport him to trial. To date, the court has denied these motions either as premature because no trial date had been set, or because Mr. Ewalan improperly filed the motion on his own behalf when he was represented by counsel. (*See* 11/16/20 Order (Dkt. # 39); 5/10/22 Order (Dkt. # 104); 2/22/23 Order (Dkt. # 130); 7/6/23 Order (Dkt. # 144).) Now that a trial date has been set and Mr. Ewalan is proceeding *pro se*, Mr. Ewalan renews his motion, seeking "an order requiring the state/DOC to transport" him from the Washington State Penitentiary in Walla Walla, Washington to the United States Courthouse in Seattle for trial, at the state's expense. (Transp. Mot. at 1.) He also seeks access to trial preparation materials such as legal

papers and a table, and for the ability to "request a break whenever he experiences" symptoms of brain injury such as dizziness or headaches at trial. (*Id.* at 3.)

The court construes Mr. Ewalan's motion as one seeking a writ of *habeas corpus ad testificandum*.[1] In general, a "plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). This is because "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989). "A district court may, however, issue a writ of *habeas corpus ad testificandum* to secure the physical presence of a prisoner in court." *Janahi v. Zuberi*, No. 2:21-cv-03975-VAP-PLAx, 2022 WL 20217502, at *1 (C.D. Cal. Sept. 27, 2022). Whether to issue a writ of *habeas corpus ad testificandum* lies within the discretion of the district court. *See Wiggins v. Alameda Cnty*, 717 F.2d 466, 467 (9th Cir. 1983) (reviewing issuance of the writ for abuse of discretion). In determining whether to issue the writ, district courts consider (1) "whether the prisoner's presence will substantially further the resolution of the case"; (2) "the security risks presented by the prisoner's presence"; (3) "the expense of the prisoner's

//

---

[1] "The purpose of this writ is to direct the custodian of a prisoner to produce the prisoner for appearance as a witness in court." *Greene v. Prunty*, 938 F. Supp. 637, 638 (S.D. Cal. 1996); *see also Wiggins v. Alameda Cnty.*, 717 F.2d 466, 467-68 (9th Cir. 1983) (affirming magistrate judge's order requiring the state to transport, guard, and pay all expenses associated with securing the presence of a plaintiff-inmate at trial on his federal civil rights suit). The power of district courts to issue a writ of *habeas corpus ad testificandum* stems from 28 U.S.C. § 2241(c)(5) and 28 U.S.C. § 1651(a). *Greene*, 938 F. Supp. at 638.

transportation and safekeeping"; and (4) "whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins*, 717 F.2d at 468 n.1.

Here, Mr. Ewalan properly directs his request for transportation towards his custodian, DOC.[2] (Mot. at 1.) The decision whether to permit Mr. Ewalan to appear in person is one the court does not take lightly. The court concludes, however, that the above factors do not support issuance of the writ. First, Mr. Ewalan's physical presence at trial will not substantially further the resolution of the case because videoconferencing technology will enable Mr. Ewalan to conduct trial remotely. *See Thompson v. Hicks*, No. C08-1065-JCC, 2012 WL 12874936, at *1 (W.D. Wash. Sept. 9, 2012) (declining to order new trial based on alleged prejudice where incarcerated *pro se* plaintiff conducted trial by videoconference in § 1983 action). As to the second factor, Defendants do not argue that Mr. Ewalan's physical presence would create a security risk. (*See generally* Resp.) Upon review of the record, the court has insufficient information to make a determination on this factor. But the third factor, the expense of the inmate's transportation and safekeeping, weighs heavily against issuance of the writ. As noted, Mr. Ewalan is confined at the Washington State Penitentiary in Walla Walla—over 250

---

[2] Defendants argue that Mr. Ewalan's request for transport should be denied in part because the individual Defendants are not his custodians and therefore "cannot be made responsible for Mr. Ewalan's attendance at trial." (Resp. at 5.) But Mr. Ewalan does not ask that Defendants be made responsible for his transport—instead, his motion specifically requests an order requiring "the State/DOC," his custodian, to transport him to Seattle for trial. (Mot. at 1.) Because Mr. Ewalan is in DOC custody, he may permissibly seek a writ of *habeas corpus ad testificandum* as to DOC, even though DOC is no longer a party to this action. *See, e.g.*, *Brooks v. Centurion of Ariz. LLC*, No. CV-21-000265-TUC-JCH, 2022 WL 625728, at *2 (D. Ariz. Feb. 2, 2022) (granting writ directing non-party custodian to produce incarcerated plaintiff for a hearing in his § 1983 case).

miles from the United States Courthouse in Seattle.  DOC would incur substantial expenses in transporting Mr. Ewalan across the state and in securing and housing him in Seattle throughout his six-day trial.  (*See* 8/22/23 Min. Order at 1.)  The court sees no justification for requiring DOC to incur these expenses where videoconferencing technology will permit Mr. Ewalan to participate remotely from Walla Walla.  Finally, the fourth factor similarly weighs against issuance of the writ.  This case was initiated over three years ago.  (*See generally* Dkt.)  Because continuing to delay resolution of this case will prejudice Defendants, the court will not consider a stay pending Mr. Ewalan's release from custody.

Based on the foregoing considerations, the court DENIES Mr. Ewalan's motion for a writ of *habeas corpus ad testificandum* and directs that Mr. Ewalan shall participate in trial remotely via videoconference.  As to Mr. Ewalan's request for breaks "whenever" he might need one (Transp. Mot. at 3), the court will not make a blanket ruling on this matter in advance of trial.  Mr. Ewalan may request breaks on an as-needed basis during trial and the court will rule on those requests as they arise.  Additionally, the court recognizes that Mr. Ewalan needs access to videoconferencing technology and various legal materials in order to conduct trial.  At this point, however, trial is over three months away and his request for legal materials is not only premature but concerns logistics that are better addressed in pretrial conferences rather than a motion and court ruling.

//

//

//

**B.   Motions for Leave to Admit Medical Evidence and to Attach Medical Records**

The court has denied each of Mr. Ewalan's prior motions to admit evidence in advance of trial either as premature or because Mr. Ewalan improperly filed the motion on his own behalf when he was represented by counsel.  (*See* 10/9/20 Order (Dkt. # 31) at 5; 4/12/22 Order (Dkt. # 100) at 3; 10/17/22 Order (Dkt. # 121) at 4; 2/22/23 Order (Dkt. # 130) at 2; 7/6/23 Order (Dkt. # 144) at 3.)  Mr. Ewalan has now filed two more motions seeking (1) to admit medical records regarding his post-traumatic stress disorder ("PTSD"), and (2) to attach his PTSD medical records to his motion to admit those records.  (*See* Mot. for Leave at 1; Mot. to Attach Med. Recs. at 1.)

Mr. Ewalan may submit evidence in support of or in opposition to a motion (and no separate motion is required to "admit" the evidence for this purpose); but otherwise, the admission of evidence does not occur until trial.  Here, Mr. Ewalan appears to seek admission of evidence for the purpose of trial, and his motions are therefore premature.  Mr. Ewalan's motions to admit evidence and to attach medical records are DENIED.  The court refers Mr. Ewalan to this District's Local Rules setting forth pretrial procedures, including procedures for introducing evidence at trial.  *See* Local Rules W.D. Wash. LCR 16(e) (setting forth requirements for Plaintiff's pretrial statement), 16(h)-(k) (setting forth requirements for Defendants' pretrial statement and the parties' agreed pretrial order); *see also id.* LCR 16.1 (setting forth the form of the parties' agreed pretrial order).

//

//

### C. Motion for Attorneys' Fees

Mr. Ewalan next seeks attorneys' fees in the amount of $20,000. (Mot. for Att'y Fees at 3.) Mr. Ewalan appears to reference the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, as statutory basis for a fee award.[3] (*See* Mot. for Att'y Fees at 2-3.) 42 U.S.C. § 1988 permits the district court to award "a reasonable attorney's fee" to the "prevailing party" in an action under 42 U.S.C. § 1983. But Mr. Ewalan is not a prevailing party because this matter has not yet proceeded to trial and there has been no judgment in his favor. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (explaining that a "prevailing party" under § 1988 is one who obtains "some relief on the merits of his claim" and "an enforceable judgment against the defendant from whom fees are sought"). Moreover, Mr. Ewalan is not entitled to a fee award as a *pro se* litigant who has neither hired an attorney nor incurred any attorneys' fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991). Mr. Ewalan's motion for attorneys' fees is DENIED. Mr. Ewalan is advised that he shall not file any further motions requesting attorneys' fees unless and until he is represented by counsel and prevails in this action.

### D. Motion to Call Expert Witness

Mr. Ewalan moves to call his treating physician, Dr. Joseph Oh, as an expert witness. (Mot. to Call Expert Witness at 1.) Mr. Ewalan is advised that a motion is not the proper procedure for calling witnesses. Nevertheless, the court construes the motion

---

[3] Mr. Ewalan also references various other statutes, but none are applicable here. (*See* Mot. for Att'y Fees at 3 (citing the Age Discrimination in Employment Act, the Voting Rights Act, the Fair Housing Act, and more).)

as a timely-filed expert witness disclosure, but determines the disclosure lacks sufficient detail concerning the subject matter of Dr. Oh's testimony and therefore does not comport with Federal Rule of Civil Procedure 26(a)(2).

Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A); *see also* Fed. R. Evid. 702-03, 705 (governing expert witnesses). Because the court did not expressly set an expert disclosure deadline in its scheduling orders (*see generally* 10/9/20 Order (Dkt. # 32); 8/22/23 Min. Order; Dkt.), the default deadline set forth in Rule 26(a)(2)(D) applies. *See* Fed. R. Civ. P. 26(a)(2)(D)(i) ("Absent a stipulation or court order," the parties must disclose expert witnesses "at least 90 days before the date set for trial or for the case to be ready for trial."). Trial is scheduled to begin on January 16, 2024, which means the current deadline to submit expert disclosures in this case is October 18, 2023.

Treating physicians such as Dr. Oh need not provide a written expert report so long as their testimony is limited to opinions formed during the course of treatment. *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817, 826 (9th Cir. 2011); Fed. R. Civ. P. 26(a)(2)(B). In lieu of including a written report, however, the expert disclosure must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The court is mindful of its obligation to construe *pro se* filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court construes Mr. Ewalan's

ORDER - 8

motion as an expert witness disclosure pursuant to Rule 26(a)(2).  Mr. Ewalan timely filed his disclosure before the October 18, 2023 deadline and he was not required to submit a written report because he intends to call his treating physician.  (*See generally* Mot. to Call Expert Witness); *see also Goodman*, 644 F.3d at 826.  However, the disclosure provides very little detail about Dr. Oh and his anticipated testimony.  Mr. Ewalan states only that Dr. Oh "performed brain injury [sic] on November 6, 2017 almost three (3) months after the assault."  (Mot. to Call Expert Witness as 1.)  Beyond the fact that Dr. Oh apparently performed brain surgery on Mr. Ewalan, the disclosure fails to provide any information concerning the subject matter of his expected testimony or the facts and opinions to which he will testify, as required by Rule 26.  *See* Fed. R. Civ. P. 26(a)(2)(C).  The disclosure therefore does not comply with the Federal Rules of Civil Procedure.

Accordingly, the court GRANTS Mr. Ewalan's motion to the extent that he is entitled to call Dr. Oh as an expert witness, so long as Mr. Ewalan complies with all applicable deadlines as well as the Local and Federal Rules.  The court DENIES the motion to the extent that it, construed as an expert witness disclosure, does not fully comply with Rule 26.  The court ORDERS that the deadline to submit expert witness disclosures in this case shall be extended to **October 27, 2023**.  The court further ORDERS that Mr. Ewalan shall timely provide the Defendants a new expert witness disclosure that complies with all disclosure requirements, including by detailing "the subject matter on which the witness is expected" to testify and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P.

26(a)(2)(C)(i)-(ii).  Defendants are entitled to challenge Mr. Ewalan's disclosure and expert on any usual basis permitted by law, such as the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

E.     **Motion "To Be Filed or Considered After Trial"**

Mr. Ewalan filed a motion "to be filed or considered after trial," in which he seeks "either [a] temporary or permanent injunction" and a "stipulation, designed to make or cause defendants to acknowledge to have violated Mr. Ewalan['s] civil rights."  (Post Trial Mot. at 1.)  Mr. Ewalan states that it would be "better for the court to consider the motion after trial, because the verdict is unknown at this time."  (*Id.*)  Mr. Ewalan therefore admits his motion is premature and for this reason the court DENIES the motion.

F.     **Motion for Clarification**

Mr. Ewalan seeks clarification regarding his attendance at various pretrial conferences and with respect to the motions in limine deadline.  (Mot. for Clarification at 1.)  Mr. Ewalan's motion is GRANTED to the extent he seeks clarification regarding motions in limine; the motions in limine deadline is a filing deadline and does not require Mr. Ewalan's attendance.  The motion is DENIED to the extent Mr. Ewalan seeks an order at this time directing whether he attend pretrial conferences virtually or in person.  The court will provide more detailed instructions to the parties regarding attendance at the January 2, 2024 pretrial conference as that deadline approaches.  With respect to the parties' settlement conference and any other conferences between the parties that do not include the court, how the parties conduct those conferences is not for the court to decide.

### G. Motion for Punitive Damages

Finally, Mr. Ewalan seeks an award of punitive damages in various amounts. (*See* Mot. for Punitive Damages at 5 (seeking $1.5 million from the three individual defendants "in add[i]tion to" $150,000 "each," plus $10 million "shared among the five defendants").) Defendants oppose the motion, arguing it is premature and that, in any event, Mr. Ewalan is not entitled to punitive damages because his complaint never sought this type of relief. (Resp. at 3; *see generally* Compl. (Dkt. # 5).)

Punitive damages are available in a § 1983 action "'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The failure to include a specific prayer for punitive damages in the complaint does not necessarily bar a punitive damages award. *See Jorgenson v. United States*, No. 1:17-cv-00817-LJO-EPG, 2019 WL 4640515, at *5 (E.D. Cal. Sept. 24, 2019) (citing *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982) ("No specific prayer for emotional distress or punitive damages is needed.")); *see also* Fed. R. Civ. P. 54(c) (stating that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"). However, "[i]n prisoner civil rights cases . . . the decision whether to award damages is ordinarily made by the jury at trial." *Elias v. Navasartian*, No. 1:15-cv-01567-LJO-GSA-PC, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017); *see also Pullano v. No. 8170, CCDC Guard*, No. 2:10-CV-00335-MMD, 2013 WL 1758999 (D. Nev. April 24, 2013) (denying *pro se* prisoner's motion for punitive damages in § 1983 action because the issue "requires a

factual inquiry into Defendants' motives" and thus "is ordinarily decided by the trier of fact at trial").

In light of the foregoing, Mr. Ewalan's motion for punitive damages is DENIED as premature. Should Mr. Ewalan wish to seek punitive damages at trial, he may propose jury instructions to that effect and the issue may be submitted to the jury for consideration. The court refers Mr. Ewalan to this District's Local Rules setting forth procedures for proposing jury instructions. *See* Local Rules W.D. Wash. LCR 51.

### III.   CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1)   Mr. Ewalan's motions to call an expert witness (Dkt. # 151) and for clarification (Dkt. # 153) are GRANTED in part and DENIED in part;

(2)   The parties shall submit expert witness disclosures that fully comply with the requirements of Rule 26 no later than **October 27, 2023**; and

(3)   Mr. Ewalan's motions to order transportation ((Dkt # 148); for leave to admit medical evidence (Dkt. # 149); for attorney fees (Dkt. # 150); "to be filed or considered after trial" (Dkt. # 152); for punitive damages (Dkt. # 156); and to attach medical records (Dkt. # 157) are DENIED.

Dated this 3rd day of October.

JAMES L. ROBART
United States District Judge