UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiff Joseph Ewalan's motion for reconsideration of the court's October 4, 2023 order denying Mr. Ewalan's motion for an order directing the Washington State Department of Corrections ("DOC") to transport Mr. Ewalan to Seattle for trial.  (Mot. (Dkt. # 160); *see also* 10/4/23 Order (Dkt. # 159); Transp. Mot. (Dkt.

//

//

//

ORDER - 1

1 # 148).)¹  Having reviewed the motion, the relevant portions of the record, and the

2 governing law, the court DENIES Mr. Ewalan's motion for reconsideration.

3     "Motions for reconsideration are disfavored," and the court "will ordinarily deny

4 such motions in the absence of a showing of manifest error in the prior ruling or a

5 showing of new facts or legal authority which could not have been brought to its attention

6 earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).

7 "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy

8 burden."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The

9 court concludes that Mr. Ewalan has not met his burden to demonstrate that the court's

10 prior order should be reconsidered.

11     Mr. Ewalan seeks reconsideration based on the factors set forth in *Wiggins v.*

12 *Alameda County*, 717 F.2d 466 (9th Cir. 1983).  (*See generally* Mot.)  Under *Wiggins*, a

13 district court considering whether to issue a writ of *habeas corpus ad testificandum* must

14 consider:  (1) "whether the prisoner's presence will substantially further the resolution of

15 the case"; (2) "the security risks presented by the prisoner's presence"; (3) "the expense

16 of the prisoner's transportation and safekeeping"; and (4) "whether the suit can be stayed

17 until the prisoner is released without prejudice to the cause asserted."  *Wiggins*, 717 F.2d

18 at 468 n.1.  In particular, Mr. Ewalan argues his physical presence will substantially

19 further resolution of the case based on the value of "live testimony" and appearing "face

20 [to] face" with witnesses and the jury.  (Mot. at 4.)  Mr. Ewalan argues that the modest

---

¹ The court construed Mr. Ewalan's motion for an order of transport as one seeking a writ of *habeas corpus ad testificandum*.  (10/4/23 Order at 3.)

expenses associated with his transport and housing do not outweigh his low security risk. (*Id.* at 3-4.) Mr. Ewalan also argues the court could stay this case until his release from prison without prejudice to the defendants, which would allow more time for Defendant Russell Dickerson to appear and actively participate in the litigation. (*Id.* at 7-9; *see also id.* at 7, 11-12 (suggesting that Mr. Ewalan's release from prison is imminent based on Mr. Ewalan's pending collateral attack on his conviction in state court).) Finally, Mr. Ewalan raises concerns that he will suffer prejudice if required to conduct trial remotely while incarcerated and acting *pro se*. (*See* Mot. at 6 (arguing that appearing by videoconference from prison will create a negative impression on the jury).)

However, Mr. Ewalan identifies neither manifest error in the court's prior order, nor facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). The court carefully weighed the *Wiggins* factors and concluded that Mr. Ewalan's request for a writ of *habeas corpus ad testificandum* should be denied. (10/4/23 Order at 3-5.) Mr. Ewalan's disagreement with the court's analysis is not a basis for reconsideration. Moreover, Mr. Ewalan's concerns related to prejudice do not warrant reconsideration because they may be addressed through jury instructions and motions in limine. *See Thompson v. Hicks*, No. C08-1065-JCC, 2012 WL 12874936, at *1 (W.D. Wash. Sept. 9, 2012) (declining to order new trial based on alleged prejudice where incarcerated *pro se* plaintiff conducted trial by videoconference in § 1983 action).

//

//

ORDER - 3

For these reasons, the court DENIES Mr. Ewalan's motion for reconsideration (Dkt. # 160.)

Dated this 11th day of October.

_____
JAMES L. ROBART
United States District Judge

ORDER - 4