UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendants. | |

Before the court are Plaintiff Joseph Lochuch Ewalan's motions "for time extension for time to disclose treating physicians" (10/23/23 Mot. (Dkt. # 165)) and "to disclose witnesses" (10/25/23 Mot. (Dkt. # 168)). Although the motions are noted for November 3, 2023, and November 10, 2023, respectively (*see* Dkt.), the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide the motions before their noting dates. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive resolution of every action and proceeding"). Having reviewed the motions, the relevant portions of the

ORDER - 1

record, and the governing law, the court DENIES Mr. Ewalan's motions because Mr. Ewalan has already timely disclosed his treating physicians as witnesses.

On August 30, 2023, Mr. Ewalan filed a motion indicating his intent to call Dr. Joseph Ho as an "expert witness." (8/30/23 Mot. (Dkt. # 151) at 1.)[1] The court advised Mr. Ewalan that "a motion is not the proper procedure for calling witnesses." (10/4/23 Order (Dkt. # 159) at 7.) Nevertheless, the court granted the motion "to the extent that [Mr. Ewalan] is entitled to call Dr. [Ho] as an expert witness, so long as Mr. Ewalan complies with all applicable deadlines and the Local Federal Rules." (*Id.* at 9.) However, the court denied the motion "to the extent that it, construed as an expert witness disclosure, does not fully comply with Rule 26." (*Id.*) Specifically, the filing purported to call a treating physician—Dr. Joseph Ho—as a witness but did not sufficiently state "the subject matter on which the witness is expected to present evidence" or provide "a summary of the facts and opinions to which the witness is expected to testify," as required by Federal Rule of Civil Procedure 26(a)(2)(C). (*Id.*); *see also* Fed. R. Civ. P. 26(a)(2)(C) (setting forth the requirements for disclosing treating physicians). The court directed the parties to "submit expert witness disclosures that fully comply with the requirements of Rule 26 no later than **October 27, 2023.**" (10/4/23 Order at 12.)

//

---

[1] The court notes that Mr. Ewalan's August 30, 2023 motion refers to this witness as "Dr. Joseph Oh" (*see* 8/30/23 Mot. at 1), while subsequent filings appear to reference the same witness as "Dr. Joseph Ho" (*see, e.g.*, 10/25/23 Mot. (Dkt. # 168) at 1). The court addresses the witness using the name "Dr. Joseph Ho," in accordance with Mr. Ewalan's most recent filings.

1    On October 16, 2023, Mr. Ewalan filed a "motion to call the two treating physician[s] or disclose," in which he indicated his intent to call two treating physicians as witnesses: Dr. Joseph Ho and Chad Anderson. (10/16/23 Mot. (Dkt. # 162) at 1.) That motion provided significant detail concerning the subject matter, facts, and opinions to which Dr. Ho and Mr. Anderson will testify. (*See generally id.*) Accordingly, the court entered a minute order terminating that motion and construing the filing as a timely-filed witness disclosure pursuant to the court's October 4, 2023 order granting in part Mr. Ewalan's motion to call an expert witness. (10/17/23 Min. Order (Dkt. # 17); *see also* 10/4/23 Order at 9.) To be clear, although the court's October 17, 2023 minute order construed Mr. Ewalan's October 16, 2023 motion as a "timely-filed *expert* witness disclosure" (10/17/23 Min. Order at 1 (emphasis added)), the court considers Dr. Ho and Mr. Anderson to be fact witnesses because they are treating physicians whose testimony will be limited to opinions formed during the course of treatment. *See, e.g.*, *Urrutia v. BNSF Railway Co.*, No. C09-0215RSM, 2010 WL 11493266, at *2 (W.D. Wash. May 3, 2010) (noting that "a treating physician whose testimony is based on personal knowledge gained during the course of treatment of his patient is not generally considered an expert witness," and "a treating physician who failed to provide an expert report would not be permitted to give opinions more properly reserved for an expert witness").

On October 23, 2023, Mr. Ewalan filed the instant "motion for time extension for time to disclose treating physicians." (10/23/23 Mot. at 1.) The motion seeks an extension of the expert witness disclosure deadline for the purpose of calling the same two treating physicians that Mr. Ewalan previously disclosed—Dr. Joseph Ho and Chad

Anderson. (*Id.* at 1; *see also* 10/4/23 Order at 9 (setting deadline of October 27, 2023 for expert witness disclosures).) And on October 25, 2023, Mr. Ewalan filed the instant "motion to disclose witnesses," which again seeks to disclose Dr. Joseph Ho and Chad Anderson as witnesses. (10/25/23 Order at 1.) The court already determined, however, that Mr. Ewalan timely disclosed Dr. Joseph Ho and Chad Anderson as witnesses. (10/17/23 Min. Order at 1.) Mr. Ewalan is advised that no further motions or filings are required to comply with the October 27, 2023 disclosure deadline with respect to these two witnesses.[2] Mr. Ewalan is further advised that the court cannot facilitate communication between Mr. Ewalan and his witnesses. (*See* 10/23/23 Mot. at 3-4 (raising concerns regarding Mr. Ewalan's ability to contact and hire experts).) Mr. Ewalan must secure the presence of his witnesses at trial either through voluntary agreement or by subpoena.

Because Mr. Ewalan has already timely disclosed Dr. Joseph Ho and Chad Anderson as witnesses, the Court DENIES Mr. Ewalan's motion for an extension of time (Dkt. # 165) and motion to disclose witnesses (Dkt. # 168).

Dated this 26th day of October, 2023.

JAMES L. ROBART
United States District Judge

---

[2] Nevertheless, Defendants are entitled to challenge Mr. Ewalan's disclosure and witnesses on any usual basis permitted by law. (*See* 10/4/23 Order at 10.)