1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendants. | |

Before the court are *pro se* Plaintiff Joseph Lochuch Ewalan's motions *in limine* (Pl. 1st MIL (Dkt. # 173); Pl. 2d MIL (Dkt. # 174)), and Defendants Robert Schreiber, Arlee Rothwell, Russell Dickerson, Kendra Wakefield, and Denny Larson's (collectively, "Defendants") motions *in limine* (Def. MIL (Dkt. # 175)).  Although certain motions are agreed (*see* Def. MIL at 2-3), the parties largely oppose each other's motions *in limine*. (Def. 1st Resp. (Dkt. # 177); Def. 2d Resp. (Dkt. # 183); Def. Supp. Resp. (Dkt. # 186); Pl. Resp. (Dkt. # 176); Pl. 1st Reply (Dkt. # 179); Pl. 2d Reply (Dkt. # 189).)

ORDER - 1

On March 5, 2024, the court held a status conference and orally ruled on the parties' motions *in limine*. (3/5/24 Min. Entry (Dkt. # 195).) The court enters this written order memorializing its rulings for the benefit of the parties. Accordingly, as stated on the record, the court ORDERS as follows:

| | Moving Party | Motion in Limine | Ruling |
|---|---|---|---|
| 1 | Agreed[1] | Exclude witnesses from the courtroom so they cannot hear the testimony of other witnesses. (Def. MIL at 2.) | GRANTED as to nonparty witnesses. Parties will be permitted in the courtroom during trial. |
| 2 | Agreed | Exclude irrelevant evidence. (*Id.*) | GRANTED. |
| 3 | Agreed | Exclude any testimony or argument which invites jurors to conceptually put themselves in the place of a party (i.e., the "golden rule" argument). (*Id.* at 3.) | GRANTED. |
| 4 | Agreed | Exclude any testimony or evidence regarding settlement negotiations. (*Id.*) | GRANTED. |
| 5 | Mr. Ewalan | Admit Mr. Ewalan's diary entries from 2016-2023. (Pl. 1st MIL at 8-9, 14-15.[2]) | DENIED without prejudice to seeking admission at trial in accordance with the Federal Rules of Evidence. |
| 6 | Mr. Ewalan | Admit photos of Mr. Ewalan's injuries. (*Id.* at 9-10, 15.) | DENIED without prejudice to seeking admission at trial in accordance with the Federal Rules of Evidence. |

---

[1] All agreed motions were presented by Defendants and unopposed by Mr. Ewalan. (*See* Def. MIL at 2-3 (stating that the parties met and conferred on December 19, 2023, and reached agreement on certain motions *in limine* as identified in Defendants' briefing); *see also* Pl. Resp. at 2 (calling the agreed motions identified by Defendants "fair game").)

[2] The court references the CM/ECF header when citing to pages in Mr. Ewalan's briefing.

ORDER - 2

| | | | | |
|---|---|---|---|---|
| 1<br>2 | 7 | Mr. Ewalan | Admit Mr. Ewalan's medical records.  (*Id.* at 10-11, 15.) | DENIED without prejudice to seeking admission at trial in accordance with the Federal Rules of Evidence. |
| 3<br>4 | 8 | Mr. Ewalan | Admit Defendant Arlee Rothwell's Declaration.  (*Id.* at 11.) | DENIED without prejudice to seeking admission at trial in accordance with the Federal Rules of Evidence. |
| 5<br>6<br>7 | 9 | Mr. Ewalan | Admit cell/bed change request and documents showing denial of Mr. Ewalan's public records requests related to disciplinary hearing testimony.  (*Id.* at 11-12, 15-16.) | DENIED without prejudice to seeking admission at trial in accordance with the Federal Rules of Evidence. |
| 8<br>9 | 10 | Mr. Ewalan | Admit Defendants' interrogatory responses.  (*Id.* at 12, 16.) | DENIED without prejudice to seeking admission at trial in accordance with the Federal Rules of Evidence. |
| 10<br>11 | 11 | Mr. Ewalan | Admit Mr. Ewalan's PTSD records.  (*Id.* at 12, 15.) | DENIED without prejudice to seeking admission at trial in accordance with the Federal Rules of Evidence. |
| 12<br>13<br>14 | 12 | Mr. Ewalan | Exclude evidence of Mr. Ewalan's history of underlying health conditions unrelated to the injuries at issue in this case.  (Pl. 2d MIL at 1.) | DENIED. |
| 15<br>16 | 13 | Mr. Ewalan | Exclude Mr. Ewalan's deposition testimony from *Ewalan v. T. St. Germain et al.*, No. 21-5519BJR-MLP (W.D. Wash.).  (*Id.* at 2.) | DENIED. |
| 17<br>18 | 14 | Mr. Ewalan | Exclude witnesses not disclosed in pre-trial motions, at summary judgment, or in motions *in limine*.  (*Id.*) | GRANTED to the extent Mr. Ewalan seeks to exclude witnesses who were not properly and timely disclosed. |
| 19<br>20 | 15 | Mr. Ewalan | Exclude Defendants from the courtroom during trial, except when testifying.  (*Id.*) | DENIED. |
| 21 | 16 | Mr. Ewalan | Exclude incarcerated witnesses.  (*Id.*) | DENIED. |

ORDER - 3

| | | | | |
|---|---|---|---|---|
| 1<br>2<br>3 | 17 | Mr. Ewalan | Prohibit Defendants from introducing evidence related to Mr. Ewalan's race, nationality, and prior career in Kenya. (*Id.*) | DENIED. |
| 4<br>5 | 18 | Mr. Ewalan | Exclude evidence of Mr. Ewalan's criminal case. (*Id.*) | GRANTED. The parties may propose a limiting instruction concerning Mr. Ewalan's incarcerated status. |
| 6<br>7<br>8 | 19 | Defendants | Exclude opinions of Mr. Ewalan or lay witnesses when they lack personal knowledge. (Def. MIL at 3-4.) | GRANTED in part to the extent that Defendants seek to bar Mr. Ewalan from testifying as to Defendants' mental states. RESERVED RULING in part as to the balance of this motion. |
| 9 | 20 | Defendants | Exclude character evidence. (*Id.* at 4.) | RESERVED RULING. |
| 10<br>11 | 21 | Defendants | Exclude evidence related to legal theories or defendants that the court dismissed by summary judgment. (*Id.* at 4-5.) | GRANTED as to evidence that relates only to dismissed parties or claims and that is wholly irrelevant to the remaining claims. |
| 12<br>13<br>14 | 22 | Defendants | Prohibit suggestions or accusations that relevant witnesses were not called and mid-trial demands for documents or information. (*Id.* at 5-6.) | RESERVED RULING. |
| 15<br>16 | 23 | Defendants | Exclude undisclosed or untimely disclosed evidence and witnesses. (*Id.* at 6.) | GRANTED. |
| 17<br>18<br>19<br>20 | 24 | Defendants | Enforce the order and presentation of witnesses. (*Id.* at 6-7 (describing Defendants' proposed framework for scheduling witnesses).) | GRANTED in part. At the end of each trial day, the parties shall inform each other and the court of the next day's witnesses; the parties shall also promptly notify each other and the court of any last-minute rescheduling of witnesses. |

| | | | | |
|---|---|---|---|---|
| 25 | Defendants | Exclude evidence of research done by Plaintiff about his medical condition, treatment, as well as his own self-perceptions. (*Id.* at 7.) | GRANTED in part to the extent this motion embraces testimony by Mr. Ewalan about Internet or other research concerning his medical condition, and topics ordinarily reserved for expert witnesses, such as medical causation. DENIED in part to the extent this motion embraces testimony by Mr. Ewalan on topics of which he has personal knowledge, such as his pain and treatment experiences. | |
| 26 | Defendants | Prohibit Mr. Ewalan from offering expert testimony regarding causation. (*Id.* at 7-8.) | GRANTED. | |
| 27 | Defendants | Prohibit any argument or inference outside the record aimed at a punitive result or for political effect. (*Id.* at 8-9.) | DENIED. | |
| 28 | Defendants | Exclude evidence regarding litigation-induced mental or emotional states for the purpose of recovering damages for the same. (*Id.* at 9-10.) | GRANTED. | |
| 29 | Defendants | Prohibit Mr. Ewalan from referring to indemnification by the State and referring to defense counsel as the "State's attorneys" or similar. (*Id.* at 10.) | GRANTED in part. Mr. Ewalan may not introduce evidence of indemnification by the State, and Defendants may propose a curative instruction at trial should the issue arise. But Mr. Ewalan may refer to opposing counsel as the "State's attorneys" or similar. | |

//

//

//

ORDER - 5

1   The parties are reminded that trial is subject to reasonable time limits, as this is a
2   civil case.  *See, e.g.*, *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 450-51
3   (9th Cir. 1994).  Trial will not exceed six days.  (*See* 10/23/23 Min. Entry (Dkt. # 166)
4   (scheduling trial for six days, with trial time to be split evenly between the parties).)

Dated this 6th day of March, 2024.

JAMES L. ROBART
United States District Judge