UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT SCHREIBER, et al.,<br><br>　　　　　　Defendants. | CASE NO. C20-5678JLR<br><br>ORDER |

On March 5, 2024, the court conducted a status conference in this matter. (3/5/24 Min. Entry (Dkt. # 195).) During the status conference, the court encouraged the parties to continue their settlement efforts and offered to appoint a settlement judge to conduct a judicial settlement conference. *See* Local Rules W.D. Wash. LCR 39.1(e) (authorizing the court to appoint a settlement judge to conduct a settlement conference in cases "where the parties have already participated in mediation, but have been unable to reach a settlement"). The parties then informed the court that they had scheduled a mediation to take place on March 15, 2024, with *pro bono* mediator Steven G. Toole. The parties had

ORDER - 1

cooperated with each other in selecting Mr. Toole from a list of *pro bono* mediators and the parties had all consented to his services.

On March 6, 2024, *pro se* Plaintiff Joseph Lochuch Ewalan filed a motion for clarification of the court's comments regarding mediation. (Mot. (Dkt. # 197).) In particular, Mr. Ewalan asks the court to clarify whether Mr. Toole was appointed by the court, and whether the parties can instead proceed to mediation with a settlement judge. (*See generally id.*) The court exercises its discretion to rule on Mr. Ewalan's motion before the noting date. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive resolution of every action and proceeding"). The court clarifies as follows:

1. In general, the court supports mediation and resolution of cases without court intervention. For this reason, the court ordered the parties to participate in a settlement conference in this case. (*See* Sched. Order (Dkt. # 163) at 2); *see also* Local Rules W.D. Wash. LCR 39.1(a)(4) ("Participation in [alternative dispute resolution] is voluntary unless the court orders the parties to participate.").

2. In general, the court does not involve itself in settlement negotiations and, as a result, the court was unaware until the March 5, 2024 status conference of whether and how settlement negotiations are progressing in this case. Prior to the status conference, it was the court's impression that the parties had already engaged in mediation. (*See* Sched. Order at 2 (setting October 18, 2023 settlement conference deadline); Min. Entry (Dkt. # 166) (directing the parties to make arrangements by no later than December 1, 2023 to conduct a settlement conference).)

|   |   |
|---|---|
| 1 | 3.  Because the court was under the impression that the parties had already |
| 2 | attempted mediation, the court intended at the status conference to encourage the parties |
| 3 | to continue their settlement efforts by offering to schedule a judicial settlement |
| 4 | conference.  With that goal in mind, but without knowing that the parties had not yet |
| 5 | completed mediation pursuant to the court's previous orders, the court advised the parties |
| 6 | of the possibility of conducting a judicial settlement conference pursuant to Local Civil |
| 7 | Rule 39.1(e).  Mr. Ewalan is advised that a judicial settlement conference is neither |
| 8 | necessary nor appropriate in this case because the parties have not yet engaged in |
| 9 | mediation and instead have scheduled a mediation with Mr. Toole to take place on March |
| 10 | 15, 2024.  *See* Local Rules W.D. Wash. LCR 39.1(e). |
| 11 | 4.  Mr. Toole was not appointed by the undersigned to mediate this case. |
| 12 | Instead, Mr. Toole is associated with this District's alternative dispute resolution |
| 13 | ("ADR") program and provides *pro bono* mediation services in qualifying cases upon |
| 14 | agreement of the parties.  Here, Mr. Ewalan qualified for, and the parties agreed to, |
| 15 | engage Mr. Toole to provide *pro bono* mediation services.  Thus, Mr. Toole was |
| 16 | appointed and/or approved by the District's ADR program to serve as a mediator in this |
| 17 | case.  Mr. Ewalan is advised that the court has the utmost confidence in Mr. Toole's |
| 18 | mediation services; he is highly regarded in this District and is well-qualified to mediate |
| 19 | this matter. |
| 20 | In light of the foregoing, the court GRANTS in part and DENIES in part Mr. |
| 21 | Ewalan's motion (Dkt. # 197).  Mr. Ewalan's motion is GRANTED to the extent he seeks |
| 22 | clarification on the above points.  The court DENIES Mr. Ewalan's motion to the extent |

he seeks appointment of a settlement judge to conduct a judicial settlement conference. The court further DIRECTS the parties to proceed with their scheduled March 15, 2024 mediation with Mr. Toole.

Dated this 7th day of March, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 4