UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SCHREIBER, et al.,<br><br>Defendants. | CASE NO. C20-5678JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Joseph Lochuch Ewalan's motion requesting that the court issue subpoenas to the following witnesses: Defendant Russell Dickerson, Dr. Joseph T. Ho, Chad Anderson, and Dr. Lara B. Strick. (Mot. (Dkt. # 200).) Mr. Ewalan is proceeding *in forma pauperis* ("IFP"). (*See* IFP Order (Dkt. # 4).) As Mr. Ewalan acknowledges, the deadline to issue and serve subpoenas in this case is March 25, 2024. (Mot. at 2; *see also* Sched. Order (Dkt. # 163) at 4.) Accordingly, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide the motion before the noting date. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil

ORDER - 1

Procedure should be construed "to secure the just, speedy, and inexpensive resolution of every action and proceeding"). The court GRANTS in part Mr. Ewalan's motion, as detailed below.

Federal Rule of Civil Procedure 45 governs subpoenas in civil cases. "A subpoena must issue from the court where the action is pending," and "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(2)-(3). "That party must complete [the subpoena] before service." Fed. R. Civ. P. 45(a)(3). Under 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process" in IFP proceedings. This District's local rules further provide that in all IFP proceedings, "the marshal shall pay all fees of witnesses for the party authorized to proceed [IFP], upon the certificate of the judge." Local Rules W.D. Wash. LCR 3(c)(3).

In light of the foregoing, the court ORDERS as follows:

1. Mr. Ewalan shall prepare individual subpoenas directed at each witness that he intends to call at trial, other than himself. *See* Fed. R. Civ. P. 45(a)(3) (providing that the party requesting the subpoena "must complete it before service"). Mr. Ewalan is advised to carefully review and adhere to the requirements of Rule 45, which describes the proper form and content of civil subpoenas. *See generally* Fed. R. Civ. P. 45. A blank form subpoena is available on the court's website. *See Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action*, United States Courts, https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/subpoena-appear-and-testify-hearing-or-trial-civil-action (last visited March 14, 2024). In drafting his subpoenas, Mr. Ewalan may either: (1) use the court-provided form linked above, or (2) in the event that

access limitations prevent Mr. Ewalan from using the form, he may handwrite his subpoenas in a manner identical to the form.

2. Mr. Ewalan shall file his subpoenas on the docket by no later than **March 20, 2024.**

3. Upon Mr. Ewalan's timely filing of his subpoenas pursuant to this order, the court will review the subpoenas to ensure compliance with Rule 45.[1]  If the court is satisfied that Mr. Ewalan's subpoenas meet the requirements of Rule 45, the court will enter an order (1) directing the Clerk to issue the compliant subpoenas, and (2) directing the United States Marshals Service to serve the compliant subpoenas by no later than March 25, 2024, and to bear the costs of any associated witness fees.  *See* 28 U.S.C. § 1915(d); Local Rules W.D. Wash. LCR 3(c)(3).

4. Nothing in this order shall be construed to prevent Defendants from seeking to quash or otherwise objecting to Mr. Ewalan's subpoenas on any usual basis permitted by law.

//

//

---

[1] In his motion, Mr. Ewalan fails to provide the address of Sgt. Dickerson because he "does not know" it.  (Mot. at 1.)  Although it is not the court's responsibility to identify the addresses of Mr. Ewalan's witnesses, the court advises Mr. Ewalan that Defendants have already provided Sgt. Dickerson's address in a public filing on the docket.  (*See* Prop. Order (Dkt. # 188) at 5.)  Because Sgt. Dickerson resides in Pennsylvania, however, the court directs Mr. Ewalan's attention to Rule 45(c)(1)(A), which imposes geographical limits on the court's subpoena power.  *See* Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person.").  The court emphasizes that it will not order the issuance of a subpoena unless it complies with all of the requirements of Rule 45, including the 100-mile geographic limitation.

ORDER - 3

1  The court therefore GRANTS Mr. Ewalan's motion to issue subpoenas (Dkt.
2  # 200) in part, to the extent described herein.

3  Dated this 14th day of March, 2024.

JAMES L. ROBART
United States District Judge