UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendants. | |

On March 14, 2024, the court granted in part *pro se* Plaintiff Joseph Lochuch Ewalan's motion to subpoena witnesses, setting forth an expedited process to facilitate the issuance and service of subpoenas to Mr. Ewalan's trial witnesses. (*See generally* 3/14/24 Order (Dkt. # 201); *see also* Mot. (Dkt. # 200).) Specifically, the court ordered Mr. Ewalan to "prepare individual subpoenas directed at each witness that he intends to call at trial" using the blank form available on the court's website. (3/14/24 Order at 2-3.) The court directed Mr. Ewalan to "carefully review and adhere to the requirements of [Federal Rule of Civil Procedure] 45" and file his proposed subpoenas on the docket

ORDER - 1

by no later than March 20, 2024.  (3/14/24 Order at 2-3.)  The court advised that, "[u]pon Mr. Ewalan's timely filing of his subpoenas . . . the court [would] review the subpoenas to ensure compliance with Rule 45," and thereafter enter an order directing the Clerk to issue the compliant subpoenas and directing the United States Marshals Service to serve the compliant subpoenas.  (*Id.* at 3.)

Now before the court are Mr. Ewalan's proposed subpoenas, which he timely filed, to the following witnesses:  (1) Dr. Joseph T. Ho[1]; (2) Dr. Lara B. Strick; (3) Defendant Russell Dickerson; and (4) Chad Anderson.  (Prop. Subpoenas (Dkt. # 206).)  Upon careful review, the court has identified several problems that preclude it from directing issuance and service of the subpoenas.

First, each of Mr. Ewalan's proposed subpoenas fails to "state the court from which it issued."  Fed. R. Civ. P. 45(a)(1)(A)(i).  The subpoenas should identify the issuing court as the "United States District Court for the Western District of Washington."

Second, each of Mr. Ewalan's proposed subpoenas fails to identify "a specified time and place" for the witness to attend and testify.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Although it is Mr. Ewalan's responsibility to schedule his witnesses and the court will not designate the date and time of their testimony, the subpoenas should identify the place of

---

[1] Throughout this litigation, Mr. Ewalan has identified this witness alternately as "Dr. Joseph T. Oh" and "Dr. Joseph T. Ho."  (*Compare* Prop. Subpoenas, *with* 10/25/23 Mot. (Dkt. # 168) at 1.)  In their proposed pretrial order, Defendants identified this witness as "Dr. Joseph T. Ho, MD" of Providence St. Peter Hospital.  (Prop. Order (Dkt. # 188) at 4.)  The court's independent research confirms that this witness is named Dr. Joseph T. Ho.

testimony as:  United States District Courthouse, 700 Stewart Street, Seattle, Washington 98101.  The courtroom number is 14106.

Third, each of Mr. Ewalan's proposed subpoenas fails to "set out the text of Rule 45(d) and (e)." Fed. R. Civ. P. 45(a)(1)(A)(iv).  The form on the court's website is three pages long and contains the text required by Rule 45(a)(1)(A)(iv), but Mr. Ewalan's subpoenas are partial documents that contain only the first page and therefore lack the required text.

Fourth, Mr. Ewalan improperly seeks to subpoena Sgt. Dickerson, who has retired from the Washington Department of Corrections and currently resides in Pennsylvania. *See* Fed. R. Civ. P. 45(c)(1) (authorizing subpoenas commanding a person to attend a trial only "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or, with respect to parties, "within the state where the person resides, is employed, or regularly transacts business in person").  The court previously warned Mr. Ewalan of Rule 45's limitations with specific respect to Sgt. Dickerson.  (3/14/24 Order at 3 n.1.)  Mr. Ewalan is advised that the court will not order the issuance and service of a subpoena to Sgt. Dickerson at his Pennsylvania address, as doing so would violate the geographic limitations of Rule 45(c)(1)(A).  *See* Fed. R. Civ. P. 45(c)(1)(A).

In light of the foregoing, the court ORDERS as follows:

1. Based on Mr. Ewalan's *pro se*, *in forma pauperis*, and incarcerated status, the court finds good cause to extend the deadline for Mr. Ewalan to subpoena his witnesses.  Fed. R. Civ. P. 16(b)(4).  The court extends the deadline for Mr. Ewalan to issue and serve witness subpoenas to **April 1, 2024**.  Mr. Ewalan is warned that the court

will not grant further extensions of this deadline given the rapidly approaching trial date of April 22, 2024.

2. The court grants Mr. Ewalan one more opportunity to properly prepare his subpoenas. Mr. Ewalan shall prepare individual subpoenas directed at each witness that he intends to call at trial, other than himself. *See* Fed. R. Civ. P. 45(a)(3) (providing that the party requesting the subpoena "must complete it before service"). The court again advises Mr. Ewalan to carefully review and adhere to the requirements of Rule 45, taking particular care to cure the issues identified in this order. Mr. Ewalan shall handwrite his subpoenas ***neatly*** and ***legibly*** using the blank form subpoena available on the court's website. *See Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action*, United States Courts, https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/subpoena-appear-and-testifyhearing-or-trial-civil-action (last visited March 21, 2024).

3. Mr. Ewalan shall file his proposed subpoenas on the docket by no later than **March 27, 2024**.

4. Upon Mr. Ewalan's timely filing of his subpoenas pursuant to this order, the court will review the subpoenas to ensure compliance with Rule 45. If the court is satisfied that Mr. Ewalan's proposed subpoenas meet the requirements of Rule 45, the court will enter an order (1) directing the Clerk to issue the compliant subpoenas, and (2) directing the United States Marshals Service to serve the compliant subpoenas by no later than April 1, 2024, and to bear the costs of any associated witness fees. *See* 28 U.S.C. § 1915(d); Local Rules W.D. Wash. LCR 3(c)(3).

//

5. Nothing in this order shall be construed to prevent Defendants from seeking to quash or otherwise objecting to Mr. Ewalan's subpoenas on any usual basis permitted by law.

Dated this 22nd day of March, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 5