The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT SCHREIBER, et al.,<br><br>  Defendants. | NO. 3:20-cv-05678-JLR<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONTINUOUS TRIAL DATE (DKT. 202) |

COME NOW defendants Robert Schreiber, Arlee Rothwell, Russell Dickerson, Kendra Wakefield, and Denny Larsen (collectively Defendants), through counsel, responding to Plaintiff's Motion to Continuous Trial Date (Dkt. 202). The motion should be denied. Plaintiff provides no evidence nor legal authority for a trial continuance, and the basis of his request is a circumstance–his lack of an attorney–that has persisted for years. Defendants would be prejudiced by an eleventh-hour continuance, as they are already making arrangements for trial and deserve not to be mired in this litigation longer than necessary.

## PROCEDURAL HISTORY

Plaintiff filed this case almost four years ago. Dkt. 5. He "proceeded *pro se* for nearly three years before the [C]ourt appointed Mr. Johnson" as *pro bono* counsel in response to Plaintiff's fifth motion requesting a lawyer. Dkt. 135 at 4:5–6; *see also* Dkts. 7, 35, 46, 69, 115. That representation did not last long; Plaintiff essentially fired his attorney. *See* Dkts. 133, 135.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONTINUOUS TRIAL DATE (DKT. 202) NO. 3:20-cv-05678-JLR

1

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

Seven months ago, the Court set this matter for trial. Dkt. 147. That trial date was continued, and the parties recently participated in a mediation, but were not able to resolve this dispute. Dkt. 163; Declaration of Mark Rachel in Support of Defendants' Response to Plaintiff's Motion to Continuous Trial Date (Dkt. 202) (Rachel Decl.), ¶ 2.

## ARGUMENT

Plaintiff now is "asking … for continu[ation of the] trial date in order to retain an attorney," and asserts that he is "in conversation with 4 lawyers for representation in this case." Dkt. 202 at 1–2. As previously noted, Plaintiff has been seeking representation for years, and his present motion does not elucidate, for example, how current circumstances materially differ from what has been his ongoing quest since 2020, nor any explanation as to why he may have failed to appreciate the importance of trial counsel until this extremely late juncture, when the parties are well into pretrial preparations. *See generally* Dkts. 163, 202; Rachel Decl., ¶ 5.

Both FED. R. CIV. P. 16(b)(4) and LCR 16(b)(6) provide that a case schedule, including a trial date, "may be modified only for good cause and with the judge's consent." "The central inquiry under FED. R. CIV. P. 16(b)(4) is whether the requesting party was diligent[.]" *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Accordingly, and as noted by *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013), "[t]he good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories [relevant] … since the inception of the action." Such is the case here: Plaintiff clearly knew about the desirability of representation three years ago, when he commenced this action. Indeed, the first of his five motions to appoint counsel was filed the same day as his complaint. *See* Dkts. 5, 7.

Good cause does not include "failing to adequately prepare this matter for trial." *Cook v. City of Pomona*, 884 F. Supp. 1457, 1459 (C.D. Cal. 1995). Plaintiff knew the current trial date in October, as well as the fact of his self-representation, but has waited five months to bring the instant motion for a continuance. *Cf. Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087–

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO
CONTINUOUS TRIAL DATE (DKT. 202)
NO. 3:20-cv-05678-JLR

2

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

1088 (9th Cir. 2002) (waiting four months to bring a motion to amend a case schedule, including continuation of trial, was not "'good cause' … as required by FED. R. CIV. P. 16(b).").

Plaintiff recognizes that any ruling on a motion for continuance of trial is reviewable for abuse of discretion. Dkt. 202 at 2 ("the motion to continue is Court discretion"); *accord*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Unfortunately, he offers this Court zero evidence upon which to exercise that discretion. Plaintiff does not cite to any prior evidence in the record of this case,[1] has no exhibit to his instant motion, and tellingly the only attestation he makes therein, to support a sworn statement as evidence, is for a certification of service. *See* Dkt. 202 at 2–4 ("I hereby certify that on 16 day of March, 2024 I submitted the motion to continue trial date…"). Plaintiff asserts, in unsworn and conclusory fashion, that a "continu[ance] would not inconvenience defense witnesses, counsel or parties neither will continu[ance] prejudice the defendants[,]" but this is untrue. *See* Rachel Decl. at ¶ 5. The longer Defendants are obliged to fend off Plaintiff's kaleidoscopic motions, the more they will be drawn away from regular day-to-day duties as civil servants and the higher defense costs will mount. *See Daramy v. Arctic Storm Mgmt. Group LLC*, 2023 WL 5348873, slip op. at *2 ("'A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial' … Any additional time spent waiting for Plaintiffs to litigate their case will prejudice Defendants and needlessly draw out this case.") (quoting *Adriana Int'l Corp. v. Theoren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

Finally, in addition to no evidence, Plaintiff candidly admits that he cites to no legal authority whatsoever in support of his present request. Dkt. 202 at 2 ("Mr. Ewalan need not cite authority."). Defendants submit there is none.

---

[1] Nor is it this Court's duty to "scour the record in search of" evidence to support Plaintiff's motion; a "district court lacks the power to act as a party's lawyer, even for *pro se* litigants." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONTINUOUS TRIAL DATE (DKT. 202) NO. 3:20-cv-05678-JLR

3

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

## MOTION TO STRIKE

Plaintiff recently participated in professionally-facilitated mediation at no cost to him, and now violates the mediator's confidentiality agreement, FED. R. EVID. 408, and RCW 7.07.030 by mentioning a specific monetary offer by Defendants during negotiations, as well as assertions about persons present and communications occurring during and about the mediation. Dkt. 202 at 1–2; Rachel Decl. at ¶ 2. Plaintiff has previously acknowledged that settlement communications are inadmissible; he agreed to a motion *in limine* on the point. *See* Dkts. 176 at 2, 196 at 2 n.1 (granting motion as "Agreed" and noting concord). Although the statements are unsworn and therefore not competent evidence in any event, Defendants, in an abundance of caution and to preserve the sanctity of settlement communications, hereby move to strike the same. FED. R. CIV. P. 12(f).

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court deny Plaintiff's motion for a trial continuance, supported by no evidence nor authority, and strike Plaintiff's statements related to mediation.

DATED this 25th day of March, 2024.

ROBERT W. FERGUSON
Attorney General

*s/ Mark Rachel*
MARK J. RACHEL, WSBA No. 54395
GARTH A. AHEARN, WSBA No. 29840
Assistant Attorneys General,
1250 Pacific Avenue, Suite 105
Tacoma, WA 98402-4318
253.207.6090
mark.rachel@atg.wa.gov
*Attorneys for Defendants*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONTINUOUS TRIAL DATE (DKT. 202) NO. 3:20-cv-05678-JLR

4

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA 98401
(253) 593-5243

## DECLARATION OF SERVICE

I declare that on this 25th day of March 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Joseph Lochuch Ewalan (DOC #392824)
>Washington State Penitentiary
>1313 N. 13th Avenue
>Walla Walla, WA 99362-8817
>docwspinmatefederal@doc1.wa.gov

DATED this 25th day of March 2024.

>ROBERT W. FERGUSON
>Attorney General
>
>  *s/ Mark Rachel*
>MARK J. RACHEL, WSBA No. 54395
>GARTH A. AHEARN, WSBA No. 29840
>Assistant Attorneys General,
>1250 Pacific Avenue, Suite 105
>Tacoma, WA 98402-4318
>253.207.6090
>mark.rachel@atg.wa.gov
>*Attorneys for Defendants*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONTINUOUS TRIAL DATE (DKT. 202)
NO. 3:20-cv-05678-JLR

5

OFFICE OF THE ATTORNEY GENERAL
1250 Pacific Avenue, Suite 105
P.O. Box 2317
Tacoma, WA  98401
(253) 593-5243