UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>            Plaintiff,<br><br>   v.<br><br>ROBERT SCHREIBER, et al.,<br><br>            Defendants. | CASE NO. C20-5678JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court are *pro se* Plaintiff Joseph Lochuch Ewalan's motions (1) to order Defendants'[1] remote participation at trial or, alternatively, to order Mr. Ewalan's physical attendance at trial (1st Mot. (Dkt. # 198); Reply (Dkt. # 214)), and (2) to continue the trial date (2d Mot. (Dkt. # 202)).  Defendants oppose Mr. Ewalan's motions.  (1st Resp. (Dkt. # 203); 2d Resp. (Dkt. # 215).)  The court has considered the motions, the parties'

---

[1] Defendants are Robert Schreiber, Arlee Rothwell, Russell Dickerson, Kendra Wakefield, and Denny Larsen.

ORDER - 1

submissions in support of and in opposition to the motions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Ewalan's motions.

## II.   BACKGROUND

Acting *pro se*, Mr. Ewalan initiated this Section 1983 action on July 13, 2020. (*See generally* Prop. Compl. (Dkt. # 1).)  Mr. Ewalan is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington ("WSP").

Mr. Ewalan has filed numerous motions to appoint counsel throughout the pendency of this case. (*See generally* 7/24/20 Mot. (Dkt. # 7); 10/20/21 Mot. (Dkt. # 35); 2/17/21 Mot. (Dkt. # 46); 4/2/21 Mot. (Dkt. # 69); 9/9/22 Mot. (Dkt. # 115).)  The court denied each motion. (*See generally* 10/9/20 Order (Dkt. # 31); 11/16/20 Order (Dkt. # 39); 4/29/21 (Dkt. # 74); 10/17/22 (Dkt. # 121).)  On February 7, 2023, however, the court *sua sponte* reconsidered its latest denial and conditionally granted Mr. Ewalan's September 9, 2022 motion to appoint *pro bono* counsel. (*See generally* 2/7/23 Order (Dkt. # 124).)  The Clerk identified *pro bono* counsel willing to represent Mr. Ewalan, and on February 16, 2023, the court appointed Brennan Johnson of Johnson Graffe Keay Moniz & Wick. (2/16/23 Order (Dkt. # 125) at 2.)  Within months, Mr. Johnson withdrew at Mr. Ewalan's request. (6/8/23 Not. (Dkt. # 134) at 1-2; 6/8/23 Order (Dkt. # 135) at 6 (granting withdrawal).)  The court denied Mr. Ewalan's motion to appoint a different *pro bono* attorney, concluding that Mr. Ewalan had demonstrated "ample confidence in his ability to litigate his own case." (6/8/23 Order at 5; *see also* 5/17/23 Mot. (Dkt. # 133).)  Mr. Ewalan has since proceeded *pro se*. (*See generally* Dkt.)  Trial

is scheduled to begin in less than one month, on April 22, 2024. (*See* Sched. Order (Dkt. # 163) at 1.)

Mr. Ewalan previously moved for an order requiring his transportation to Seattle for trial, which the court construed as a motion for a writ of *habeas corpus ad testificandum* and denied. (Transp. Mot. (Dkt. # 148) at 5; 10/4/23 Order (Dkt. # 159) at 2-5 (directing "that Mr. Ewalan shall participate in trial remotely via videoconference").) Mr. Ewalan moved for reconsideration, which the court similarly denied. (Recon. Mot. (Dkt. # 160); 10/11/23 Order (Dkt. # 161).) The court has once continued the trial date in this matter, doing so *sua sponte*. (*See* Sched. Order at 1 (determining that "principles of fairness, justice, and efficiency support a trial continuance," and resetting the trial date from January 16, 2024, to April 22, 2024).)

On March 5, 2024, the court held a status conference. (*See* 3/5/24 Min. Entry.) During that conference, Mr. Ewalan raised his concern that it would be unfair to require his remote participation at trial while permitting Defendants to conduct trial in person, stating that he identified a Ninth Circuit case supporting his position. The court invited Mr. Ewalan to file a motion raising the issue and citing the case he referenced. On March 6, 2024, Mr. Ewalan filed such a motion. (*See generally* 1st Mot.) In addition, on March 18, 2024, Mr. Ewalan filed a motion to continue the trial date, arguing that he is in talks with four lawyers who have expressed interest in representing him. (*See generally* 2d Mot.) The court issued a minute order setting an expedited briefing schedule on the motion to continue. (S*ee generally* 3/19/24 Min. Order (Dkt. # 205).) Both of Mr. Ewalan's motions are now ripe for decision.

### III. ANALYSIS

The court addresses Mr. Ewalan's motions in turn, below.

**A.  Motion Concerning Remote Participation in Trial**

Mr. Ewalan argues that principles of "fairness" require the court to order Defendants to conduct trial remotely or, in the alternative, to permit all parties to participate in person.  (1st Mot. at 1.)  The court disagrees.

To begin, Mr. Ewalan fails to cite any Ninth Circuit authority suggesting that a hybrid trial is inherently unfair.  He instead expresses his mistaken understanding that the court, in inviting him to file the instant motion, advised that Mr. Ewalan "[didn't] have to cite any authorities."  (*Id.* at 2.)  Not so.  The court expressly advised Mr. Ewalan to cite the Ninth Circuit case that he referenced during the March 5, 2024 status conference.  Mr. Ewalan failed to do so, and the court can only infer that he has identified no such case.  (*See generally id.*; *see also* Reply at 3 (Mr. Ewalan stating that he "remember[s] coming across" a helpful case, but "has not been successful" in finding it again).)  The court's research confirms its view that hybrid trials are acceptable in appropriate circumstances, as here where Mr. Ewalan has no absolute right to appear in person due to his incarceration.  *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) ("A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally."); *see also, e.g.*, *Thompson v. Hicks*, No. C08-1065-JCC, 2012 WL 12874936, at *1 (W.D. Wash. Sept. 9, 2012) (declining to order new trial based on alleged prejudice where incarcerated *pro se* plaintiff conducted trial by videoconference in Section 1983 action); *Payment v. Pugh*, No. C22-5569TL-GJL, 2024 WL 729278, at

\*2 (W.D. Wash. Feb. 22, 2024) (denying incarcerated plaintiff's petition for a writ of *habeas corpus ad testificandum* requiring his transport from WSP to Seattle for a Section 1983 trial "because videoconferencing technology will enable him to participate in the trial remotely"); *Bluetooth SIG, Inc. v. FCA US LLC*, No. C18-1493TL, 2023 WL 346620, at \*2 (W.D. Wash. Jan. 20, 2023) (explaining in a different context that, in general, "the hybrid trial format has become more common in the past few years").

Mr. Ewalan emphasizes "the value of live testimony" and argues that a hybrid trial would infringe his Sixth Amendment right to confront the witnesses against him. (1st Mot. at 2-3 (appearing to quote Fed. R. Civ. P. 43(a) advisory committee's note to 1991 amendment ("The importance of presenting live testimony in court cannot be forgotten.")).) As Defendants correctly point out, however, Mr. Ewalan primarily is asking that the entire trial be conducted remotely. (Resp. at 2; *see also* 1st Mot. at 2 (stating that "the current motion is not about transport, rather both parties . . . [should] conduct trial remotely").) His requested relief therefore does not further the value of live, in-person testimony. And the Sixth Amendment's Confrontation Clause does not apply to this civil matter. *Dutton v. Evans*, 400 U.S. 74, 97 (1970) (Harlan, J., concurring) (explaining that "the Confrontation Clause . . . applies only to criminal prosecutions"); *see also* U.S. Const. amend. VI ("*In all criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him." (emphasis added)).

To the extent Mr. Ewalan alternatively requests an order authorizing his physical attendance at trial (*see* 1st Mot. at 1; Reply at 1, 3), the court already considered and ruled on this issue months ago and will not revisit it. (10/4/23 Order at 2-5 (denying

motion for *writ of habeas corpus ad testificandum*); 10/11/24 Order at 4 (denying reconsideration of the same).)

For the foregoing reasons, the court DENIES Mr. Ewalan's motion concerning remote trial participation.

**B.     Motion to Continue Trial**

Mr. Ewalan next moves to continue the trial date to allow him time to secure a trial lawyer.  (*See generally* 2d Mot.)  He states that, following the parties' recent unsuccessful mediation, four attorneys from his local community expressed interest in taking this case.  (*See id.* at 1.)  Defendants oppose the motion and move to strike it based on Mr. Ewalan's improper reference to specific settlement offers during the mediation.  (2d Resp. at 4; *see also* Mot. at 1.)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent . . . ."  *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).  The district court may therefore modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).  The court may also consider "the existence or degree of prejudice" to the opposing party, though the focus of the inquiry remains on the moving party's diligence.

1    *Id.* As the moving party, Mr. Ewalan bears the burden to demonstrate good cause. *See,*

2    *e.g.*, *Sagdai v. Travelers Home & Marine Ins. Co.*, No. C21-0182LK, 2022 WL

3    17403445, at * 2 (W.D. Wash. Dec. 2, 2022).

4        The court concludes that Mr. Ewalan has not met his burden.  This matter has been

5    pending for nearly four years.  The court has already once continued the trial date,

6    building extra time into the pretrial schedule "[i]n light of the unique complexities

7    presented by this case, including but not limited to [Mr.] Ewalan's *pro se* and

8    incarcerated status."  (Sched. Order at 1.)  There are no new or different circumstances

9    that now warrant an eleventh-hour trial continuance.  That Mr. Ewalan claims to be "in

10   conversation with" four attorneys does not establish good cause, as Mr. Ewalan could

11   have independently secured representation months or even years ago and therefore has

12   not demonstrated diligence.  (Mot. at 1.)  Mr. Ewalan first received a trial date on August

13   22, 2023 (8/22/23 Min. Order (Dkt. # 147) at 1), and he has been aware of the current

14   trial date since approximately October 16, 2023 (Sched. Order at 1)—allowing more than

15   ample time to prepare for trial.  The court has diligently managed the docket in this case

16   to ensure this matter proceeds to trial as planned.  Defendants would be prejudiced by the

17   requested continuance as they are well into their trial preparations, having served witness

18   subpoenas and made travel and lodging arrangements.  (Fowler Decl. (Dkt. # 216) ¶ 5.)

19       As it stands, a trial continuance is not warranted.  The court therefore DENIES

20   Mr. Ewalan's motion to continue the trial date.  In addition, the court GRANTS in part

21   Defendants' motion to strike.  The court agrees with Defendants that Mr. Ewalan

22   improperly filed a pleading containing inadmissible settlement negotiation details.  (*See*

ORDER - 7

Mot. at 4.) Rather than striking the pleading, however, the court will arrange for the document to be sealed.

### IV. CONCLUSION

In sum, the court DENIES Mr. Ewalan's motion concerning remote trial participation (Dkt. # 198), GRANTS in part Defendant's motion to strike (Dkt. # 215), and DIRECTS the Clerk to seal Mr. Ewalan's motion concerning remote trial participation (Dkt. # 198). The court further DENIES Mr. Ewalan's motion to continue the trial date (Dkt. # 202).

Dated this 26th day of March, 2024.

JAMES L. ROBART
United States District Judge