UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT SCHREIBER, et al.,<br><br>    Defendants. | CASE NO. C20-5678JLR<br><br>ORDER |

This matter is scheduled to begin trial on April 22, 2024. (Sched. Order (Dkt. # 163) at 1.) On April 1, 2024, Defendants[1] filed a statement of disputed jury instructions. (Statement (Dkt. # 231).) Defendants Schreiber, Rothwell, and Dickerson propose a jury instruction on their statute of limitations affirmative defense. (*Id.* at 63.) *Pro se* Plaintiff Joseph Lochuch Ewalan objects to this proposed instruction. (*Id.*) Upon review of the record and the governing law, the court concludes that the statute of

---

[1] Defendants in this action are Robert Schreiber, Arlee Rothwell, Russell Dickerson, Kendra Wakefield, and Denny Larsen.

ORDER - 1

limitations issue is not appropriate for a jury. Under Federal Rule of Civil Procedure 56(f), the court may, "[a]fter giving notice and a reasonable time to respond . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Pursuant to Rule 56(f), the court ORDERS Defendants to show cause why it should not summarily dismiss their statute of limitations affirmative defense.[2]

In the court's view, Ninth Circuit precedent bars Defendants Schreiber, Rothwell, and Dickerson's statute of limitations affirmative defense as a matter of law. The relevant limitations period is three years. *See Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981) (identifying RCW 4.16.080(2) as the applicable statute of limitations for Section 1983 actions in Washington); *see also* RCW 4.16.080(2) (imposing three-year limitations period). The Ninth Circuit has explained that a Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). District courts in this Circuit regularly rule as a matter of law that a failure to protect claim accrues on the date of the alleged assault. *See Calvin v. Boe*, No. C22-5217RSM-BAT, 2022 WL 2392794, at *3 (W.D. Wash. June 13, 2022) (holding inmate's failure to protect claim accrued on date of attack and dismissing claim as time-barred), *R&R adopted*, 2022 WL 2391707

---

[2] Defendants never filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (*see generally* Dkt.) and instead answered the complaint approximately two months after Mr. Ewalan initiated this case (*see generally* Answer (Dkt. # 24)). Defendants pleaded a statute of limitations affirmative defense in their answer (*see* Answer (Dkt. # 24) at 4), but declined to raise it at summary judgment (*see generally* MSJ (Dkt. # 53)). Accordingly, the court has not yet had occasion to consider the merits of this defense.

(W.D. Wash. July 1, 2022); *Smith v. Souvenir*, No. C19-5838RSL-TLF, 2021 WL 1616106, at *7 (W.D. Wash. Mar. 1, 2021) (denying summary judgment because inmate's "claim did not accrue until he was assaulted on September 10, 2016" and therefore was timely), *R&R adopted*, 2021 WL 1611539 (W.D. Wash. Apr. 26, 2021); *Darbouze v. L.A. Cnty. Sheriff*, No. 2:18-cv-02964-CJC (JDE), 2020 WL 7220458, at *4 (C.D. Cal. Nov. 18, 2020) (concluding inmate's failure to protect claim accrued at time of assault and dismissing claim as time-barred), *R&R adopted*, 2021 WL 119441 (C.D. Cal. Jan. 13, 2021), *aff'd*, 2022 WL 176974 (9th Cir. June 1, 2022) ("The district court properly dismissed [plaintiff]'s action as time-barred."); *Corgan v. Nev. Dep't of Pub. Safety Investigation Div.*, No. 3:14-CV-00692-RCJ-WGC, 2015 WL 4132231, at *9 (D. Nev. July 8, 2015) (holding inmate's failure to protect claim accrued on date of attack by cellmate and granting motion to dismiss based on time bar).

      Here, Defendants Schreiber, Rothwell, and Dickerson do not dispute that the claims against them stem from an assault that occurred on July 16, 2017.  (*See* Pretrial Order (Dkt. # 188) at 2.)  Pursuant to Ninth Circuit precedent and consistent with other district court decisions in this Circuit as set forth above, Mr. Ewalan's failure to protect claims against Defendants Schreiber, Rothwell, and Dickerson accrued on July 16, 2017.  There can be no dispute that Mr. Ewalan initiated this action within three years of that date by filing his proposed complaint on July 13, 2017.  (*See generally* Prop. Compl. (Dkt. # 1-1).)  Accordingly, Mr. Ewalan's claims are timely as a matter of law.

      For these reasons, Defendants are ORDERED to show cause why their statute of limitations affirmative defense should not be summarily dismissed pursuant to Rule 56(f).

*See* Fed. R. Civ. P. 56(f).  Defendants shall file their response as soon as practicable, but in any event not later than **Wednesday, April 10, 2024.**  Failure to timely respond will result in the court granting summary judgment in Mr. Ewalan's favor and dismissing Defendants' statute of limitations affirmative defense with prejudice.  Mr. Ewalan shall not file any response unless expressly directed to do so in a later order.

Dated this 8th day of April, 2024.

JAMES L. ROBART
United States District Judge