UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH LOCHUCH EWALAN,

               Plaintiff,

   v.

ROBERT SCHREIBER, et al.,

               Defendants.

CASE NO. C20-5678JLR

ORDER

Before the court is the parties' joint statement of disputed jury instructions. (Statement (Dkt. # 231).)  Having reviewed the joint statement, the relevant portions of the record, and the governing law, the court ORDERS as follows:

1.     The court has prepared draft final jury instructions and a draft verdict form. The draft final jury instructions are attached to this order at **Appendix A** and the draft verdict form is attached at **Appendix B**.

//

//

2.      The parties shall carefully review the draft final jury instructions and draft verdict form and file written exceptions to the same, if any, by no later than **April 19, 2024**.  The court will then rule on the parties' exceptions in a written order.

3.      Defendants are advised, as reflected in the attached draft final jury instructions, that the court does not intend to issue a final jury instruction concerning their qualified immunity affirmative defense.  In the court's view, Jury Instruction 10— the Ninth Circuit Model Civil Jury Instruction regarding particular rights under the Eighth Amendment—adequately addresses the remaining factual disputes that the jury must decide with respect to qualified immunity.  To avoid confusing the jury, the court also intends to remove any and all references to qualified immunity from the preliminary instructions.  (*See* 4/11/24 Order at App'x A.)  Defendants may preserve their qualified immunity defense by bringing a motion under Federal Rule of Civil Procedure 50(a) at the close of evidence, and they may renew the defense, if appropriate, by bringing a motion under Federal Rule of Civil Procedure 50(b) after the jury returns its verdict.  *See generally* Fed. R. Civ. P. 50(a); *id.* 50(b); *see also Morales v. Fry*, 873 F.3d 817, 821-25 (9th Cir. 2017) (describing proper procedure for resolving qualified immunity defense where the issue proceeds to trial based on genuine disputes of material fact); Ninth Circuit Model Civil Jury Instruction 9.34 cmt. (same).  Defendants may lodge any objections to this approach in their written exceptions.

Dated this 16th day of April, 2024.

JAMES L. ROBART
United States District Judge

# Appendix A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | FINAL JURY INSTRUCTIONS |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendants. | |

Dated this ___ day of April, 2024.

_____
JAMES L. ROBART
United States District Judge

FINAL JURY INSTRUCTIONS - 1

JURY INSTRUCTION NO. 1

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Source:**  Ninth Circuit Model Civil Instruction 1.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## JURY INSTRUCTION NO. 2

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Source:**  Ninth Circuit Model Civil Jury Instruction 9.1

## JURY INSTRUCTION NO. 3

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**  Ninth Circuit Model Civil Instruction 1.6

FINAL JURY INSTRUCTIONS - 4

# JURY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence; and

3.     any facts to which the lawyers have agreed.

**Source:**  Ninth Circuit Model Civil Instruction 1.9

FINAL JURY INSTRUCTIONS - 5

## JURY INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers, or a party acting as a lawyer, are not evidence.  What they said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers, or a party acting as a lawyer, are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that was excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; if you were instructed to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**  Ninth Circuit Model Civil Jury Instruction 1.10

FINAL JURY INSTRUCTIONS - 6

JURY INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**  Ninth Circuit Model Civil Jury Instruction 1.12

FINAL JURY INSTRUCTIONS - 7

JURY INSTRUCTION NO. 7

Evidence was presented to you in the form of answers by one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**  Ninth Circuit Model Civil Instruction 2.11

1

# JURY INSTRUCTION NO. 8

2    In deciding the facts in this case, you may have to decide which testimony to

3  believe and which testimony not to believe.  You may believe everything a witness says,

4  or part of it, or none of it.

5    In considering the testimony of any witness, you may take into account:

6    1.    the opportunity and ability of the witness to see or hear or know the things

7        testified to;

8    2.    the witness's memory;

9    3.    the witness's manner while testifying;

10    4.    the witness's interest in the outcome of the case, if any;

11    5.    the witness's bias or prejudice, if any;

12    6.    whether other evidence contradicted the witness's testimony;

13    7.    the reasonableness of the witness's testimony in light of all the evidence;

14        and

15    8.    any other factors that bear on believability.

16    Sometimes a witness may say something that is not consistent with something else

17  he or she said.  Sometimes different witnesses will give different versions of what

18  happened.  People often forget things or make mistakes in what they remember.  Also,

19  two people may see the same event but remember it differently.  You may consider these

20  differences, but do not decide that testimony is untrue just because it differs from other

21  testimony.

22

1       However, if you decide that a witness has deliberately testified untruthfully about

2  something important, you may choose not to believe anything that witness said.  On the

3  other hand, if you think the witness testified untruthfully about some things but told the

4  truth about others, you may accept the part you think is true and ignore the rest.

5       The weight of the evidence as to a fact does not necessarily depend on the number

6  of witnesses who testify.  What is important is how believable the witnesses were, and

7  how much weight you think their testimony deserves.

**Source:**  Ninth Circuit Model Civil Jury Instruction 1.14

FINAL JURY INSTRUCTIONS - 10

JURY INSTRUCTION NO. 9

In order to prevail on a § 1983 claim against the defendants Robert Schreiber, Arlee Rothwell, Russell Dickerson, Kendra Wakefield, and Denny Larsen, the plaintiff must prove each of the following elements by a preponderance of the evidence:

      1.     The defendant acted under color of state law; and

      2.     The failure to act by the defendant deprived the plaintiff of particular rights under the United States Constitution, as explained in later instructions; and

      3.     The defendant's conduct was a cause of the claimed injury, as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties in this case have stipulated that the defendants acted under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instructions 10 and 11, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant(s).

**Source:**  Ninth Circuit Model Civil Jury Instruction 9.3

JURY INSTRUCTION NO. 10

As previously explained, the plaintiff Mr. Ewalan has the burden of proving that the failure to act by the defendants Robert Schreiber, Arlee Rothwell, Russell Dickerson, Kendra Wakefield, and Denny Larsen deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendants deprived him of his rights under the Eighth Amendment to the Constitution when they did not take certain action(s) which the plaintiff alleges would have prevented injuries he sustained in assault incidents involving his cellmates.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments."  In order to prove the defendants deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1.     The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

2.     Those conditions put the plaintiff at substantial risk of suffering serious harm;

3.     The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

4.     By not taking such measures, the defendant caused the plaintiff's injuries.

1        With respect to the third element, the defendant's conduct must be both

2 objectively unreasonable and done with a subjective awareness of the risk of harm.  In

3 other words, the defendant must have known facts from which an inference could be

4 drawn that there was a substantial risk of serious harm, and the defendant must have

5 actually drawn that inference.

22 **Source:**  Ninth Circuit Model Civil Jury Instruction 9.28

JURY INSTRUCTION NO. 11

To prevail, plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation.

A defendant's conduct is a "cause-in-fact," or an "actual cause," of a plaintiff's injury only if the injury would not have occurred but for that conduct. This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which the plaintiff's alleged injury would not have occurred.

A defendant's conduct is a "proximate cause" of a plaintiff's injury if it was not just any cause, but one with a sufficient connection to the result. "Proximate cause" is often expressed in terms of foreseeability, such that the proximate cause requirement precludes liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity.

Your inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. A person deprives another of a constitutional right, within the meaning of 42 U.S.C. § 1983, if they do an affirmative act, participate in another's affirmative act, or omit to perform an act which they are legally required to do that causes the deprivation of which complaint is made.

**Source:**  Adapted from Ninth Circuit Model Civil Instruction 9.2 cmt., 10.3.

1

## JURY INSTRUCTION NO. 12

2    It is the duty of the Court to instruct you about the measure of damages.  By

3  instructing you on damages, the Court does not mean to suggest for which party your

4  verdict should be rendered.

5    If you find for the plaintiff, you must determine the plaintiff's compensatory

6  damages.  The plaintiff has the burden of proving compensatory damages by a

7  preponderance of the evidence.  Compensatory damages means the amount of money that

8  will reasonably and fairly compensate the plaintiff for any injury you find was caused by

9  the defendant(s).  You should consider the following:

10    1.    The nature and extent of the injuries;

11    2.    The disability and loss of enjoyment of life experienced and that with

12  reasonable probability will be experienced in the future;

13    3.    The mental, physical and emotional pain and suffering experienced and that

14  with reasonable probability will be experienced in the future; and

15    4.    The reasonable value of necessary medical care, treatment and services that

16  with reasonable probability will be required in the future.

17    It is for you to determine what damages, if any, have been proved.

18    Your award must be based upon evidence and not upon speculation, guesswork or

19  conjecture.

20

21

22  **Source:**  Ninth Circuit Model Civil Instruction 5.1, 5.2

FINAL JURY INSTRUCTIONS - 15

JURY INSTRUCTION NO. 13

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove compensatory damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**Source:**  Ninth Circuit Model Civil Jury Instruction 5.6

JURY INSTRUCTION NO. 14

If you find for the plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish the defendant(s) and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**Source:** Ninth Circuit Model Civil Instruction 5.5

JURY INSTRUCTION NO. 15

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**  Ninth Circuit Model Civil Instruction 3.1

JURY INSTRUCTION NO. 16

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or

view any place discussed during the trial.  Also, do not do any research about this case,

the law, or the people involved—including the parties, the witnesses or the lawyers—

until you have been excused as jurors.  If you happen to read or hear anything touching

on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

that has been presented here in court.  Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process.  If you do

any research or investigation outside the courtroom, or gain any information through

improper communications, then your verdict may be influenced by inaccurate,

incomplete or misleading information that has not been tested by the trial process.  Each

of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

based on information not presented in court, you will have denied the parties a fair trial.

Remember, you have taken an oath to follow the rules, and it is very important that you

follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these

proceedings.  If any juror is exposed to any outside information, please notify the court

immediately.

**Source:**  Ninth Circuit Model Civil Jury Instruction 3.2

JURY INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:**  Ninth Circuit Model Civil Jury Instruction 3.3

JURY INSTRUCTION NO. 18

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Source:**  Ninth Circuit Model Civil Jury Instruction 3.5

# Appendix B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | JURY VERDICT FORM |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendant. | |

We, the Jury, being duly impaneled and sworn, provide the following answers to
the questions submitted by the court:

//

//

//

//

//

//

ORDER - 1

1   *Answer Question 1.*

2      **QUESTION 1:**  Do you find by a preponderance of the evidence that Mr. Ewalan

3   has proved his claim under 42 U.S.C. § 1983, in connection with the July 16, 2017

4   assault incident, against Robert Schreiber?

5      **Answer:**    Yes ____    No ____

6   *Proceed to Question 2.*

7      **QUESTION 2:**  Do you find by a preponderance of the evidence that Mr. Ewalan

8   has proved his claim under 42 U.S.C. § 1983, in connection with the July 16, 2017

9   assault incident, against Arlee Rothwell?

10     **Answer:**    Yes ____    No ____

11  *Proceed to Question 3.*

12     **QUESTION 3:**  Do you find by a preponderance of the evidence that Mr. Ewalan

13  has proved his claim under 42 U.S.C. § 1983, in connection with the July 16, 2017

14  assault incident, against Russell Dickerson?

15     **Answer:**    Yes ____    No ____

16  *Proceed to Question 4.*

17     **QUESTION 4:**  Do you find by a preponderance of the evidence that Mr. Ewalan

18  has proved his claim under 42 U.S.C. § 1983, in connection with the October 4, 2019

19  assault incident, against Denny Larsen?

20     **Answer:**    Yes ____    No ____

21  *Proceed to Question 5.*

22

**QUESTION 5:**  Do you find by a preponderance of the evidence that Mr. Ewalan has proved his claim under 42 U.S.C. § 1983, in connection with the October 4, 2019 assault incident, against Kendra Wakefield?

**Answer:**     Yes _____     No _____

*If you answered "yes" to any of the previous questions, proceed to Question 6.  If you answered "no" to all of the previous questions, skip all of the remaining questions, sign and date this verdict form, and notify the courtroom deputy that you have reached a verdict.*

**QUESTION 6:**  Do you find by a preponderance of the evidence that Mr. Ewalan has proved the amount of damages that will reasonably and fairly compensate him for any injury you find was caused by the defendant(s)?

**Answer:**     Yes _____     No _____

*If you answered "yes," proceed to Question 7.  If you answered "no," proceed to Question 8.*

**QUESTION 7:**  What do you find is the amount of compensatory damages to which Mr. Ewalan is entitled?

**Answer:**          Past economic damages:          $_____

                        Future economic damages:          $_____

                        Past non-economic damages:          $_____

                        Future non-economic damages:          $_____

                        TOTAL:          $_____

*If you answered Question 7, skip Question 8 and proceed to Question 9.*

ORDER - 3

1    **QUESTION 8:**  What do you find is the amount of nominal damages to which

2    Mr. Ewalan is entitled?  Your answer may not exceed one dollar.

3        **Answer:**            Nominal damages:            $_____

4        *Proceed to Question 9.*

5        **QUESTION 9:**  Do you find by a preponderance of the evidence that Mr. Ewalan

6    has proved the conduct of defendant(s) that harmed Mr. Ewalan was malicious,

7    oppressive, or in reckless disregard of Mr. Ewalan's rights?

8        **Answer:**     Yes ____     No ____

9        *If you answered "yes," proceed to Question 10.  If you answered "no," skip*

10   *Question 10, sign and date this verdict form, and notify the courtroom deputy that you*

11   *have reached a verdict.*

12       **QUESTION 10:**  What do you find is the amount of punitive damages to which

13   Mr. Ewalan is entitled?

14       **Answer:**            Punitive damages:            $_____

15       *Please sign and date this verdict form, and notify the courtroom deputy that you*

16   *have reached a verdict.*

17       Dated this ___ day of _____, 2024.

18                                              _____

19                                              PRESIDING JUROR

20

21

22

ORDER - 4