UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendants. | |

On April 15, 2024, *pro se* Plaintiff Joseph Lochuch Ewalan filed a motion "to present specific medical records" at trial based on his inability to subpoena his treating physician, Dr. Joseph T. Ho, to testify. (Mot. (Dkt. # 249).) The court understands this motion as seeking (1) the admission of certain medical records into evidence (*see id.* at 2-3 (arguing the records are admissible under Federal Rule of Evidence 602)), and (2) to substitute the records attached to the motion in place of certain exhibits already delivered to the courtroom deputy for trial (*see id.* at 6; *see also* Mot. Exhibit (Dkt. # 249-1)). The deadline for motions *in limine* has passed, and the deadline for delivering exhibits to the

MINUTE ORDER - 1

courtroom deputy has likewise passed.  (*See* Sched. Order (Dkt. # 163) at 2, 4.)   The court therefore STRIKES Mr. Ewalan's untimely motion (Dkt. # 249).

Mr. Ewalan is advised—again (*see* 3/21/24 Order (Dkt. # 212) at 1)—that **he must seek admission of his exhibits <u>during trial</u>**; the court will not entertain further pre-trial motions seeking admission of Mr. Ewalan's exhibits, and the court will strike any such motion.  With respect to his medical records, Mr. Ewalan must use the Bates-labeled exhibits attached at Appendix A to the court's April 11, 2024 order, as previously directed.  (*See generally* 4/11/24 Order (Dkt. # 247).)

Finally, the court notes that Mr. Ewalan does not appear to understand Federal Rule of Evidence 602, which governs matters of personal knowledge.  *See* Fed. R. Evid. 602.  Mr. Ewalan has personal knowledge and therefore may testify about matters such as his personal experience in being assaulted and injured, his symptoms, pain, and treatment he received, for example.  Mr. Ewalan also has personal knowledge of any documents that he himself created or prepared.  But Rule 602 does not permit Mr. Ewalan to introduce medical records prepared by third parties, nor does it otherwise allow him to circumvent the rule against hearsay or the authentication requirement.  *See* Fed. R. Evid. 802, 901.  Accordingly, the court advises Mr. Ewalan once again to carefully review the rules of evidence prior to trial.

Dated this 16th day of April, 2024.

JAMES L. ROBART
United States District Judge