UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | ORDER |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendants. | |

For the benefit of the parties, the court enters this order providing copies of the preliminary jury instructions and course of trial jury instructions in their final form.  The preliminary instructions are attached to this order at **Appendix A**, and the course of trial instructions are attached at **Appendix B**.

Dated this 22nd day of April, 2024.

JAMES L. ROBART
United States District Judge

# Appendix A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | PRELIMINARY JURY INSTRUCTIONS |
| v. | |
| ROBERT SCHREIBER, et al., | |
| Defendants. | |

Dated this ___ day of April, 2024.

_____
JAMES L. ROBART
United States District Judge

JURY INSTRUCTION NO. 1

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff is incarcerated and asserts that each of the five defendants violated his constitutional right to be free from cruel and unusual punishment by being deliberately indifferent to a substantial risk of serious harm, thereby failing to protect him from two separate assault incidents involving fellow inmates.  The assault incidents occurred on July 16, 2017, and October 4, 2019.  The plaintiff has the burden of proving these claims.

The defendants deny the plaintiff's claims.

JURY INSTRUCTION NO. 3

Because the plaintiff is incarcerated, this trial is being conducted in hybrid format using videoconference technology.  The reason for Mr. Ewalan's incarceration is not relevant to this case and you must not draw any negative inferences from the fact of Mr. Ewalan's incarceration.

1

JURY INSTRUCTION NO. 4

2

Plaintiff Joseph Lochuch Ewalan is representing himself in this trial.  This fact

3 must not affect your consideration of the case.  Self-represented parties and parties

4 represented by an attorney are entitled to the same fair consideration.

5

Because Mr. Ewalan is acting as his own lawyer, you will hear him speak at

6 various times during the trial.  He may make an opening statement and closing argument

7 and may ask questions of witnesses, make objections, and argue legal issues to the court.

8 I want to remind you that when Mr. Ewalan speaks in these parts of the trial, he is acting

9 as his own lawyer, and his words are not evidence.  The only evidence in this case comes

10 from witnesses who testify under oath on the witness stand or by deposition and from

11 exhibits that are admitted into evidence.  Mr. Ewalan may testify, and when he does, he is

12 acting as a witness, and not a lawyer.  When a self-represented party such as Mr. Ewalan

13 testifies, you should treat this testimony just as you would the testimony of any other

14 witness.

15

16

17

18

19

20

21

22

PRELIMINARY JURY INSTRUCTIONS - 5

JURY INSTRUCTION NO. 5

When the party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO. 6

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

## JURY INSTRUCTION NO. 7

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits that are admitted into evidence;

3.   any facts to which the lawyers have agreed; and

4.   any facts that I may instruct you to accept as proved.

## JURY INSTRUCTION NO. 8

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers, or a party acting as a lawyer, are not evidence.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers, or a party acting as a lawyer, are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

## JURY INSTRUCTION NO. 9

2       Some evidence may be admitted only for a limited purpose.

3       When I instruct you that an item of evidence has been admitted only for a limited

4   purpose, you must consider it only for that limited purpose and not for any other purpose.

JURY INSTRUCTION NO. 10

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 11

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

JURY INSTRUCTION NO. 12

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

1    However, if you decide that a witness has deliberately testified untruthfully about
2    something important, you may choose not to believe anything that witness said.  On the
3    other hand, if you think the witness testified untruthfully about some things but told the
4    truth about others, you may accept the part you think is true and ignore the rest.

5    The weight of the evidence as to a fact does not necessarily depend on the number
6    of witnesses who testify.  What is important is how believable the witnesses were, and
7    how much weight you think their testimony deserves.

JURY INSTRUCTION NO. 13

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

1    Because you will receive all the evidence and legal instruction you properly may

2    consider to return a verdict:  do not read, watch or listen to any news or media accounts

3    or commentary about the case or anything to do with it, although I have no information

4    that there will be news reports about this case; do not do any research, such as consulting

5    dictionaries, searching the Internet, or using other reference materials; and do not make

6    any investigation or in any other way try to learn about the case on your own.  Do not

7    visit or view any place discussed in this case, and do not use the Internet or any other

8    resource to search for or view any place discussed during the trial.  Also, do not do any

9    research about this case, the law, or the people involved—including the parties, the

10   witnesses or the lawyers— until you have been excused as jurors.  If you happen to read

11   or hear anything touching on this case in the media, turn away and report it to me as soon

12   as possible.

13   These rules protect each party's right to have this case decided only on evidence

14   that has been presented here in court.  Witnesses here in court take an oath to tell the

15   truth, and the accuracy of their testimony is tested through the trial process.  If you do

16   any research or investigation outside the courtroom, or gain any information through

17   improper communications, then your verdict may be influenced by inaccurate,

18   incomplete or misleading information that has not been tested by the trial process.  Each

19   of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

20   based on information not presented in court, you will have denied the parties a fair trial.

21   Remember, you have taken an oath to follow the rules, and it is very important that you

22   follow these rules.  A juror who violates these restrictions jeopardizes the fairness of

these proceedings.  If any juror is exposed to any outside information, please notify the

court immediately.

# JURY INSTRUCTION NO. 14

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

JURY INSTRUCTION NO. 15

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## JURY INSTRUCTION NO. 16

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.  Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

JURY INSTRUCTION NO. 17

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# Appendix B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | CASE NO. C20-5678JLR |
| Plaintiff, | COURSE OF TRIAL JURY |
| v. | INSTRUCTIONS |
| ROBERT SCHREIBER, et al., | |
| Defendant. | |

Dated this ___ day of April, 2024.

_____
JAMES L. ROBART
United States District Judge

JURY INSTRUCTION NO. 1

**[At the End of Each Day of the Case:]**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**[At the Beginning of Each Day of the Case:]**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

1

JURY INSTRUCTION NO. 2

2

The parties have agreed to certain facts that will be read to you.  You must

3

therefore treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 3

The evidence that a witness [*e.g.*, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

JURY INSTRUCTION NO. 4

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.