UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT SCHREIBER, et al., <br><br> Defendants. | CASE NO. C20-5678JLR <br><br> ORDER |

Before the court is *pro se* Plaintiff Joseph Lochuch Ewalan's motion requesting "documents of trial proceedings" from April 22, 2024, through April 25, 2024, for purposes of preparing his appeal. (Mot. (Dkt. # 279); *see also* 1st Appeal Not. (Dkt. # 274; 2d Appeal Not. (Dkt. # 277).) In the motion, Mr. Ewalan—who is proceeding *in forma pauperis* ("IFP")[1]—notes his indigent status and inquires about "payment" for the

---

[1] Mr. Ewalan was granted leave to proceed IFP in the district court (IFP Order (Dkt. # 3)), and his IFP status will continue on appeal. *See* Fed. R. App. P. 24(a)(3) (providing that parties who were granted IFP in the district court generally may proceed IFP on appeal "without further authorization," subject to delineated exceptions that are inapplicable here).

ORDER - 1

documents. (Mot. at 1.) The court therefore construes the motion as requesting trial court transcripts at government expense, and the court exercises its discretion to rule on the motion before the noting date. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding").

The court may order transcripts at government expense on behalf of a litigant proceeding IFP on appeal "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). "A claim is frivolous if the plaintiff can make no rational argument in law or facts to support his claim for relief." *Hawkins v. Shearer*, 2:19-cv-02295-CKD, 2023 WL 3603288, at *1 (E.D. Cal. May 23, 2023) (citing *Pembrook v. Wilson*, 370 F.2d 37, 39 (9th Cir. 1966)). A substantial question is one that is "reasonably debatable." *Id.* (quoting *Randle v. Franklin*, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. Jan. 23, 2012)).

Here, Mr. Ewalan has indicated that he intends to appeal the jury's verdict in favor of Defendants Robert Schreiber, Arlee Rothwell, and Russell Dickerson, as well as the court's dismissal of Defendants Kendra Wakefield and Denny Larsen pursuant to Federal Rule of Civil Procedure 50(a). (*See* 2d Appeal Not. at 1; *see also* Verdict (Dkt. # 269); 4/24/24 Min. Entry (Dkt. # 264) (granting defense's Rule 50(a) motion)); Fed. R. Civ. P. 50(a) (authorizing judgment as a matter of law at the close of plaintiff's case on claims lacking sufficient evidentiary support to sustain a verdict in plaintiff's favor). Having presided over the trial and being familiar with the claims and record in this case, the court concludes that Mr. Ewalan's appeal is not frivolous and presents substantial questions

because it is reasonably debatable (1) whether the jury's verdict was supported by substantial evidence, and (2) whether a reasonable juror could have found in Mr. Ewalan's favor as to Defendants Wakefield and Larsen. *See Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 992 (9th Cir. 2007) (reviewing jury verdict for substantial evidence); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205-06 (9th Cir. 2008) (on appeal of district court's grant of Rule 50(a) motion, reviewing de novo whether "the evidence presented at trial permit[ted] only one reasonable conclusion" such that "no reasonable juror" could have found in the non-moving party's favor).[2]

For these reasons, the court GRANTS Mr. Ewalan's motion for trial transcripts at government expense (Dkt. # 279) and DIRECTS payment by the United States of any and all expenses of preparing the transcripts of trial proceedings in this matter.

Dated this 16th day of May, 2024.

JAMES L. ROBART
United States District Judge

---

[2] The notice of appeal also indicates that Mr. Ewalan intends to challenge the racial composition of the jury. (*See* 2d Appeal Not. at 1.) The court expresses no opinion on the merits of this issue.